ANTHONY TULPOM. PLAINTIFF IN ERROR, v. DAVID
   CANTOR ET AL., TRADING, ETC., AS CANTOR
   BROTHERS, DEFENDANTS IN ERROR.

Submitted December 5, 1914—Decided March 1, 1915.

1. In the absence of knowledge to the contrary, a servant has a
   right to assume that his master has taken reasonable care to
   have the machine upon which he puts his servant to work rea-
   sonably safe for the work.
2. A servant cannot be said as a matter of law to have assumed
   the risk of danger caused by a latent defect in a gauge and
   safety valve designed to register and regulate the air pressure
   on a machine upon which he has been put to work, even though
   he had by implication asserted his ability to operate it by ac-
   ceding to his master's direction to do so, when it appears that
   he was injured at the end of the first hour's work, and that,
   until the happening of the accident, the air pressure had been
   normal.
3. A servant who, in the exercise of reasonable care, should have
   discovered a latent defect in a gauge and safety valve designed to
   register and regulate the air pressure on a machine upon which
   he has been put to work, cannot, for that reason alone, be said
   as a matter of law to have assumed the risk resulting from
   operating the machine, since, not only must the imperfection be
   apparent, but the danger of operation of the machine in its im-
   perfect condition must also be apparent.
4. In a suit by a servant to recover for injuries received while at
   work upon a defective machine, when the evidence tends to show
   that prior use of the machine in its defective condition had dis-
   closed that it was dangerous, and that the master knew or ought
   to have known that it was dangerous, the question of the mas-
   ter's negligence must be submitted to the jury.
5. It is the duty of the master to warn and instruct his servant
   as to the dangers of the employment of which the master knows,
   or ought in the exercise of reasonable care to know, and of which
   he knows or ought to know the servant has no knowledge, actual
   or constructive.

On error to the Passaic County Circuit Court.

For the plaintiff in error, *Ward & McGinnis.*

For the defendants in error, *William B. Gourley.*

The opinion of the court was delivered by

TRENCHARD, J. ·This writ of error was sued out September 29th, 1911, but was not brought on for argument until this present term.

The action was brought to recover for injuries received by the plaintiff while at work for the defendants.

The sole question presented is the legal propriety of the nonsuit.

At the time it was granted it was open to the jury to find, if they saw fit, the following matters of fact:

The defendants were engaged in the beer bottling business in Passaic. The plaintiff, an inexperienced foreigner, went to work for them as a bottle washer at five dollars a week, and continued at that work until the time of the accident, a period of twenty-two months. On the day of the accident the plaintiff was put to work upon a machine which was used for filling bottles with beer. He "did not understand the machine and did not know how to work it," and so informed the defendants, and received no instructions how to operate it. Attached to the bottling machine was an air pump, which forced air into the bottling machine, thereby driving the beer into the bottles. The pump had a gauge and safety valve upon it designed to register and regulate the air pressure. These the plaintiff "knew nothing about" and did not know how to regulate the pump. The gauge and safety valve had been out of order for a considerable time and attempts to repair them had been unsuccessful. The air pressure was intermittent, and excessive pressure frequently caused the bursting of the bottles while they were being filled. We think it was also open to the jury to have inferred from the testimony, if they saw fit, that the fact that the pump was out of order was known to the defendants and was unknown to the plaintiff. After the plaintiff had worked upon the machine for an hour he noticed that the beer came in "puffs" and shortly after noticing this a bottle which he was filling burst and a piece of glass flew into and destroyed his eye.

The learned trial judge nonsuited the plaintiff on the

ground that the risk of injury from this defective machinery was one which the plaintiff assumed.

We are of the opinion that the case should have been submitted to the jury.

Of course, the servant assumes all risks which are obvious, but not those which are latent. Now the defect which caused the danger to the plaintiff was the imperfection in the gauge and safety valve. It is not and cannot properly be contended that as a matter of law such particular defect was apparent to the plaintiff. In the absence of knowledge to the contrary he had a right to assume that the defendants had taken reasonable care to have the machine upon which he was put to work reasonably safe for the work. *Leuteritz v. Ice Consumers Co.,* 82 *N. J. L.* 251.

And so, too, it cannot be said as a matter of law that, even if the plaintiff had by implication asserted his ability to operate the machine by acceding to defendants' direction to do so, that he had been at work upon it long enough to have discovered, by the exercise of reasonable care, the existing latent defect in it, since it appeared that he was injured at the end of the first hour's work and that, until the happening of the accident, the air pressure had been normal.

But even if we assume that the plaintiff in the exercise of reasonable care should have discovered the defect in the gauge and safety valve it cannot, for that reason alone, be said as a matter of law that he assumed the risk resulting from operating the machine, since not only must the imperfection be apparent, but the danger of operation of the machine in its imperfect condition must also be apparent. *Rogers v. Roe & Conover,* 74 *N. J. L.* 615; *Burns v. Delaware and Atlantic Telephone Co.,* 70 *Id.* 745.

The defendants, however, contend that the danger of operation of the machine was known to the plaintiff. But we think that question was for the jury. True, there was evidence tending to show that for a considerable time before the accident the operation of the machine in question resulted in frequent bursting of the bottles, and it is argued that the plaintiff, whose place of work at washing bottles was in the

same room and near by the bottle-filling machine, must have known that it was bursting bottles. No doubt such an inference was permissible. But the plaintiff denied that he had ever heard or seen or known the machine to burst a bottle until the time of the accident. That it was open to the jury so to find is manifest for it appeared that it was the practice for the operator of the machine to examine all bottles before using them and to discard and break those found to be defective, and that this practice was known to the plaintiff. It might well be, therefore, that the sound of bursting bottles would not apprise the plaintiff that perfect bottles were being broken by an imperfect machine.

Upon the whole we conclude, therefore, that the question whether the plaintiff assumed the risk should have been submitted to the jury.

Of course, from this it does not necessarily follow that the nonsuit was erroneous, for, to entitle the plaintiff to go to the jury, the evidence must tend to show that the defendants failed in the performance of some duty which they owed to the plaintiff.

But we think it was open to the jury to find from the evidence that the defendants failed in the performance of their duty to use reasonable care to furnish a safe machine for the plaintiff to work upon, since the evidence would have justified the finding that prior use of the machine, in its defective condition, had disclosed that it was dangerous, and that the defendants knew or ought to have known that it was dangerous. *Rogers* v. *Roe & Conover, supra.*

Moreover, we think it was open to the jury to find that the defendants failed in the performance of their duty to warn and instruct the plaintiff. It is the duty of the master to warn and instruct his servant as to the dangers of his employment of which the master knows, or ought in the exercise of reasonable care to know, and of which he knows or ought to know the servant has no knowledge, actual or constructive. *Ramsey* v. *Raritan Copper Works,* 78 N. J. L. 474. As we have heretofore indicated, the evidence tended to show that the defendants knew or ought to have known of the

danger, and knew or ought to have known that the plaintiff did not, and also shows that the defendants gave the plaintiff no warning or instruction.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, White, Terhune, Heppenheimer, Williams, JJ. 15.