FELIX HACKETT *vs.* EARL W. HYSON, JR.

ELIZABETH HACKETT *vs.* SAME.

JULY 24, 1946

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   These actions of trespass on the case for negligence were heard together in the superior court on plaintiffs' demurrers to defendant's special pleas in bar. The superior court overruled the demurrers and sustained the pleas. Plaintiffs excepted to those rulings and have duly prosecuted their bills of exceptions to this court.

Those exceptions raise a question of construction of public laws 1940, chapter 940, otherwise called the "uniform contribution among tortfeasors act". By section 1 of that act joint tortfeasors are defined to be "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." Thereinafter, by sec. 2, paragraph (1), it is declared that "The right of contribution exists among joint tortfeasors". By sec. 3 it is provided that "The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors." And sec. 4 provides: "A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the

release so provides; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid."

Defendant is, within the meaning of that act, a joint tortfeasor. As a result of a collision, on a public highway in Woonsocket, between his automobile and one operated by George H. Cote, plaintiff Elizabeth Hackett, a passenger in Cote's automobile, was injured. She and her husband, Felix Hackett, brought actions for damages against Cote and recovered judgments. They also brought the instant actions against defendant, but, in the meantime, before those actions were heard the judgments against Cote were satisfied. Thereupon defendant by special pleas set up the satisfaction of such judgments as a bar to plaintiffs' actions against him. Plaintiffs demurred to the pleas on the ground that sec. 3 expressly negatives such discharge.

Defendant contended before us that sec. 3 did not apply to the cases at bar for the reason that here plaintiffs had not merely recovered judgments against Cote but they had also received satisfaction of them. He urged that, in such a situation, the rule at common law applied, namely, that the satisfaction of a judgment against one joint tortfeasor discharged all joint tortfeasors. On the other hand, plaintiffs contended that sec. 3 should be construed broadly to mean actual recovery on the judgment and not merely rendition of the judgment.

Section 8 of the act provides that its interpretation and construction shall be such "as to effectuate its general purpose to make uniform the law of those states that enact it." At the time of the hearing in this court it did not appear that sec. 3 had ever been judicially construed. See 9 U. L. A. 163, §3, and pocket supplement for 1945. On its face the section would seem to need no interpretation, but in view of the diversity of the rules in the various states governing the discharge of other joint tortfeasors as a result of the

injured person dealing with one of them, there is some ambiguity in the use of the words "recovery of a judgment". When the act was enacted here the rule in some states, perhaps the majority, was that recovery of a judgment against one tortfeasor discharged the other joint tortfeasors, if the judgment was satisfied, but not otherwise. In other states it was sufficient if execution was taken out on the judgment; while in a few others recovery of a judgment in the sense of a mere rendition of the judgment sufficed. See *Fitzgerald* v. *Campbell,* 131 Va. 486, 27 A. L. R. 799, 805 ann.

This court, as far as we are aware, has never expressly decided this precise point. However, in *Bennett* v. *Fifield,* 13 R. I. 139, it is implied in the court's opinion that the injured person, until indemnified by payment, was entitled to proceed against the other tortfeasors. The same implication runs through the language of the opinion in *Parmenter* v. *Barstow,* 21 R. I. 410, although there the actual question before the court was whether joint tortfeasors could be sued separately in a case of the kind then before the court. There does not appear to be any later case in this state wherein the question has been noticed.

Thus it appears that before the enactment of chap. 940 this court was inclined to the majority view that only recovery of judgment in the sense of satisfaction thereof by one joint tortfeasor was effective to discharge all other joint tortfeasors. In such a situation, if the legislature intended "recovery of a judgment" in sec. 3 to mean merely rendition of the judgment in favor of the injured person, then it accomplished nothing by declaring that recovery of a judgment against one joint tortfeasor did not discharge the other joint tortfeasors, as that was already the law. On the other hand, if it intended the words "recovery of a judgment" to mean actual recovery on the judgment and not mere rendition of the judgment, then it did accomplish something, namely, the reversal of the common-law rule that the satisfaction by one joint tortfeasor of the judgment discharged the other joint tortfeasors.

Unless there is some reason expressed or necessarily implied to the contrary in the act we should construe the legislative language so as to give it meaning. We find nothing in the act that requires us to accept the construction for which the defendant contends. On the contrary, we are of the opinion from a fair reading of the whole act that it was designed to reverse two well-established rules of law, namely, (1) that there was no contribution among joint tortfeasors, and (2) that the discharge of one joint tortfeasor by satisfaction of a judgment or by its equivalent, a release, discharged all the other joint tortfeasors.

In this connection defendant quotes the first sentence of the commissioners' note to §3 to show that the act was intended to change the first rule only. The whole note does not, however, seem to bear him out in this respect and we therefore quote it. 9 U. L. A. 164, §3: "This Section was included to make universal the common-law view prevailing in some jurisdictions to the effect that recovery by the injured person of a judgment against one or two or more joint tortfeasors does not automatically discharge the others. Although an automatic discharge would not necessarily affect the sued tortfeasor's claim for contribution against the discharged tortfeasors, this Section was thought to be necessary out of considerations of consistency, in view of the changes made in connection with releases in the following Section."

If it was necessary to enact sec. 3 in order to be consistent with what was provided by sec. 4, such consistency would not be achieved by construing the words "recovery of a judgment" therein to mean merely the rendition of a judgment. There would still remain the inconsistency between payment of a judgment by one joint tortfeasor discharging all other joint tortfeasors and payment for an ordinary release, either before or after judgment, not discharging the other joint tortfeasors. But under our construction of sec. 3, the satisfaction of a judgment is given the same effect as an ordinary release is given under sec. 4, thus accomplishing complete consistency in the act in both its phases; and the

net result, in each instance, is to make applicable the formula provided by sec. 4 for apportioning the payment of the injured person's claim against all the joint tortfeasors.

We are therefore of the opinion that, by virtue of P. L. 1940, chap. 940, this defendant is not discharged by reason of the satisfaction of plaintiffs' judgments against Cote, but that such judgments must be applied in reduction of the amounts of any judgments which may be rendered against the defendant in these actions.

The plaintiff's exception in each case is sustained, and each case is remitted to the superior court for further proceedings.

*John J. Mee*, for plaintiffs.

*Sherwood & Clifford, Sidney Clifford*, for defendant.