23 N.J. Super. 379 (1952)
92 A.2d 873
ELEANOR YEARICKS, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF MARSHALL YEARICKS, DECEASED, PLAINTIFF,
v.
CITY OF WILDWOOD, A MUNICIPAL CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF, AND ATLANTIC CITY ELECTRIC COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT,
v.
AUGUST C. SCHULTES, SR., AUGUST C. SCHULTES, JR., JAMES F. SCHULTES AND MARY E. SCHULTES, T/A A.C. SCHULTES & SONS, AND THE NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION OF THE STATE OF NEW YORK, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 15, 1952.
*380 Mr. Maurice Y. Cole for the motion (Messrs. Cole and Cole, attorneys).
Mr. Horace G. Brown, attorney for the plaintiff, opposed.
WOODS, J.S.C.
Defendant City of Wildwood argues to add August C. Schultes, Sr., August C. Schultes, Jr., James F. Schultes and Mary E. Schultes, t/a A.C. Schultes & Sons, and the New Amsterdam Casualty Company as third-party defendants. The court heard counsel orally, Mr. Koury appearing for Cole and Cole and Mr. Connery for Horace G. Brown, and suggested briefs which later were filed.
The present case arises out of a suit instituted by the personal representative of Marshall Yearicks, deceased, against the City of Wildwood and the Atlantic City Electric Company, and it is asserted that Yearicks, while an employee *381 of A.C. Schultes & Sons, well-drilling contractors, sustained fatal injuries through electrocution on the premises of the defendant, City of Wildwood. The complaint alleges that the negligence of the City of Wildwood and the Atlantic City Electric Company, supplier of the electric power used by the City of Wildwood in the operation of its pumping station, resulted in the death of Yearicks.
Counsel for the plaintiff admits that in view of the fact that the plaintiff already has availed herself of the Workmen's Compensation Act, any right or remedy which she might have against the Schultes has been satisfied by the Compensation Act. Neither at common law nor in tort has the plaintiff a cause of action against her decedent's employer, A.C. Schultes & Sons.
Counsel for the motion contends that under third-party practice he should prevail. To the court's attention he brings Rule 3:14-1:
"A defendant may move, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him * * *."
The basis for the motion is alleged in three separate counts of the City of Wildwood's third-party complaint. The first and third counts assert that under a written contract between the city and A.C. Schultes & Sons there was an indemnification provision to save the city harmless "from all damages to which the said City or any of its officers, agents or servants may be put by reason of injury to the person or property of others resulting from carelessness in the performance of said work, or through the negligence of the said Contractor, or through any improper or defective machinery, implements or supplies used by the said Contractor in the aforesaid work or through any act or omission on the part of the said Contract or his agents or servants," and that by reason of said acts or omissions on the part of Schultes or its agents, Yearicks was killed. The third count also *382 asserts a right of action against the New Amsterdam Casualty Company, surety, to the extent of $4,592.50 on the indemnity bond filed by Schultes with the city. In short, the right of action asserted in the first and third counts is based on indemnification.
In the second count, it is asserted that Schultes should be brought into the case as a third-party defendant because Schultes is a joint tortfeasor and claims a right of contribution against Schultes, agreeable to N.J.S. 2A:53A-1 to 4, which reads:
"For the purpose of this act the term [`joint tortfeasors'] means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them. A master and servant or principal and agent shall be considered a single tortfeasor.
"The right of contribution exists among joint tortfeasors.
"Where injury or damage is suffered by any person as a result of the wrongful act, neglect or default of joint tortfeasors, and the person so suffering injury or damage recovers a money judgment or judgments for such injury or damage against one or more of the joint tortfeasors, either in one action or in separate actions, and any one of the joint tortfeasors pays such judgment in whole or in part, he shall be entitled to recover contribution from the other joint tortfeasor or joint tortfeasors for the excess so paid over his pro rata share; but no person shall be entitled to recover contribution under this act from any person entitled to be indemnified by him in respect to the liability for which the contribution is sought.
"This act shall apply to all actions for contribution commenced, and to all judgments recovered, after the effective date hereof irrespective of the time of the commission of the wrongful act or acts by the joint tortfeasors; provided, that it shall not apply with respect to payments made prior to the effective date hereof."
Counsel have called the court's attention to a number of citations which we have read and, on reading the same, have discovered other citations which seem to throw a little light on the problem we must resolve at this juncture.
Ordinarily the authorities hold that joint tortfeasors acts are inapplicable as between an employer who is within the Workmen's Compensation Act and a third party whose negligence together with that of the employer is alleged to have resulted in the injury to the employee. In the case of *383 Baltimore Transit Co. v. State, 183 Md. 674, 39 A.2d 858, 156 A.L.R. 460 (Md. Ct. App. 1944), the court stated:
"We think these provisions (referring to joint tortfeasors act) make it clear that the act is only applicable to a situation where there is a common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third-party defendant. The right of contribution is a derivative right and not a new cause of action."
To the same purport is Brown v. Southern Ry. Co., 202 N.C. 256, 162 S.E. 613 (Sup. Ct. 1952).
In the case before us, however, the third-party plaintiff is seeking contribution, or indemnity or both. It is noteworthy to read the case of Satink v. Holland Tp., 31 F. Supp. 229 (D.C.N.J. 1940) wherein District Judge Forman vacated an order drawing in third-party defendants, and in which he refers to the reasoning in Crim v. Lumbermans Mutual Casualty Co., 26 F. Supp. 715, 720 (D.C. 1939) wherein he intimates the exception and refers to the court's conclusions in these words:
"`* * * The third party plaintiff is not seeking contribution or indemnity. By its third party complaint the defendant corporation simply tenders to the plaintiff a third party defendant, who, it is alleged, is liable for all of the claim asserted against it. * * *'"
He went on to say as follows:
"The original defendants may offer all of the matter to exculpate themselves from liability equally as well without the inclusion of the third-party defendants as if they were included. To hold otherwise, increases rather than decreases multiplicity of parties, if not litigation. The tender of the third-party defendants becomes a complete gratuity."
In Calvino v. Pan-Atlantic S.S. Corporation, 29 F. Supp. 1022 (D.C.S.D.N.Y. 1939), Goddard, District Judge remarked:
"There is authority for a recovery in the way of recoupment or indemnity by the Steamship Companies against Calvino's employer, the Ryan Stevedoring Company, Inc. See Westchester Lighting Co. *384 v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E.2d 567; Rederil v. Jarka Corporation, D.C., 26 F. Supp. 304.
"Rule 14 of the Federal Rules of Civil Procedure provides that a third-party complaint may be served upon any person who is or may be liable to the original defendant for all or part of the original plaintiff's claim. If the steamship companies are in a position to allege a claim by way of recoupment or indemnity against the Ryan Stevedoring Company, Inc., they will be permitted to do so."
Again, in the case of Green v. War Shipping Administration, 66 F. Supp. 393 (D.C.E.D.N.Y. 1946), Moscowitz, District Judge, went on to say:
"The respondent-impleaded contends that, having provided for the payment of compensation to its employee, the libellant, under the ongshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., it cannot be held liable to libellant or to respondent. The remedy provided by the Compensation Act, of course, is exclusive as between the employer and employee; however, this does not bar a third party from recovering from the employer damages such party is required to pay to the employee due to the negligence of the employer. See Burris v. American Chicle Co., 2 Cir. 120 F.2d 218.
"Another contention made by the respondent-impleaded is that the indemnification clause contained in the fourth article of the petition is clearly separable from all other clauses of the contract and from all other matters alleged in the libel and petition and that any cause of action based thereon is not within the admiralty or maritime jurisdiction of this court. With this contention the Court is unable to agree. The respondent is entitled to be indemnified against any loss due to the negligence of the respondent-impleaded. See Moran Towing & T. Co. v. Navigazione Liberia Triestina, S.A., 2 Cir. 92 F.2d 37, certiorari denied 302 U.S. 744, 58 S.Ct. 145, 82 L.Ed. 575; Porello v. United States, 2 Cir. 153 F.2d 605, 1946 A.M.C. 163, 286. The indemnification clause is not separable from other clauses of the contract."
In this case before the court on the motion to bring in A.C. Schultes & Sons and the New Amsterdam Casualty Company as third-party defendants, we feel that we must rule by reason of the indemnification provision in the contract that the proponents prevail. Time does not permit the court to review all the authorities and to summarize the principles enunciated.
Motion granted.