Giuseppe **BERTONE**, Plaintiff,

v.

**TURCO PRODUCTS**, Inc., a Corporation of the State of California, Defendant and Third-Party Plaintiff-Appellant (**FLYING TIGER LINE**, Inc., a Corporation of the State of Delaware, Third-Party Defendant-Appellee).

No. 12312.

United States Court of Appeals Third Circuit.

Argued Jan. 6, 1958.

Decided March 4, 1958.

Philip M. Lustbader, Newark, N. J. (Schneider, Lustbader & Morgan and George H. Harbaugh, Newark, N. J., on the brief), for appellant.

Harry A. Margolis, Newark, N. J. (Max L. Rosenstein, Newark, N. J., on the brief), for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Giuseppe Bertone was a recent immigrant to this country, able to speak or understand only very little of the English language. It would seem that he could read no language. He was employed by Flying Tiger Line, Inc. and on February 23 or 24, 1953, in the course of that employment he was put to work cleaning some aircraft engine parts. To this end he was given a solution called "Paint-Gon" to be used in dissolving the foreign substances deposited on the aircraft engine parts during their operation. Paint-Gon has dangerous properties and consequently should not be permitted to touch the person, nor should its fumes be inhaled for very long. The dangerous qualities probably are a necessary concomitant of the product which will adequately perform the cleaning job. The containers in which Paint-Gon is made available apparently bear a label warning of the danger. Recommended procedure in using the product indicates that it be applied in a well-ventilated space with tools permitting use of the substance without direct contact therewith. The extent of the instructions Bertone received from his employer, the extent of his comprehension of whatever instructions were given, and the type of tools and working space he was assigned do not appear from the pleadings. At any rate it does appear that Bertone was injured by exposure to Paint-Gon. Subsequently he recovered a judgment in excess of $10,000 under the New Jersey Workmen's Compensation statute.[1]

Bertone thereafter filed this action against Turco Products, Inc., a California corporation and manufacturer of Paint-Gon, on a theory of negligence in failing to warn purchasers and prospective users of the dangerous characteristics of the product and of the precautions required for its use. Turco by answer set up defenses denying negligence, asserting contributory negligence, assumption of risk, and supervening negligence by a third party. Thereafter it brought in Flying Tiger by filing a third party complaint asserting a right to indemnity on the ground that Flying Tiger had not adequately instructed Bertone of the dangers in using Paint-Gon, even though Flying Tiger had been apprised thereof, and consequently Bertone's injury was a

1. N.J.S.A. 34:15-7 provides that where employer and employee have accepted the elective compensation provisions, compensation for personal injuries or death to the employee by accident arising out of and in the course of employment shall be made by the employer without regard to negligence by him according to the schedule set out in other sections of the same chapter.

N.J.S.A. 34:15-9 provides that in the absence of written notice from either employee or employer to the other before the occurrence of an accident to the effect that the elective provisions of Chapter 15, Title 34 are not intended to apply to any accident, it will be conclusively presumed that they have been accepted.
N.J.S.A. 34:15-8 provides that acceptance of the elective compensation provisions will be a surrender of any other remedies and will be binding on both.

result not of Turco's negligence, but of Flying Tiger's. Flying Tiger answered denying liability to Turco and setting up the workmen's compensation recovery as a bar to any further recovery on a cause of action arising from the same accident. Subsequently Flying Tiger moved for summary judgment of dismissal, supported by affidavit, of the third party complaint against it. The dismissal was granted, without opinion, presumably for failure to state a claim upon which relief could be granted.

The question on this appeal from the order of dismissal is whether by the law of New Jersey Turco's third party complaint makes out any possibility of proof under which Bertone could recover from Turco for which Turco would be entitled to indemnification by Flying Tiger.

The situation presents four possibilities of legal consequence: (1) neither Flying Tiger nor Turco was negligent as to Bertone, (2) Flying Tiger was negligent while Turco was not, (3) Turco was negligent whereas Flying Tiger was not, or (4) both Flying Tiger and Turco were negligent as to Bertone.

■ Bertone asserts he was not warned of the dangers of Paint-Gon. Turco states that its warning to prospective users was adequate. If Turco's warning was adequate, there could be no recovery from Turco by Bertone irrespective of whether or not Flying Tiger may have acted negligently as to Bertone. This would dispose of the first two possibilities of legal consequence; Bertone could not recover from Turco for negligence by Flying Tiger in failing to pass on to Bertone the manufacturer's adequate warning when Flying Tiger assigned Bertone to the task requiring the use of Paint-Gon. It is well nigh inconceivable that Bertone, under the disability of illiteracy would have found his own way, without some explicit guidance, to the use of Paint-Gon. The supplier of the material to be used for the supplier's business purposes is under a duty to pass along the manufacturer's warning if he knew of it. Restatement, Torts, § 391.

Accord, Tulpom v. Cantor, 87 N.J.L. 213, 93 A. 573 (E. & A. 1915); Ramsey v. Raritan Copper Works, 78 N.J.L. 474, 74 A. 437 (E. & A. 1909); Cf. Restatement, Torts, § 324, Comment b. In that sort of situation it is clear that only Flying Tiger would have been negligent. Thus if Turco exercised reasonable care to inform users of Paint-Gon of that product's dangers, Bertone cannot recover from Turco; a fortiori there would be no call for indemnity of Turco by Flying Tiger.

■ But if the warning given by Turco to prospective users of Paint-Gon was not adequate, then Turco is liable in negligence to persons in that class injured by use of the product. Assuming that the proofs could demonstrate negligence by Turco and none by Flying Tiger, indemnity could be required of Flying Tiger only if Flying Tiger had contracted expressly or implicitly to undertake such indemnification. See Yearicks v. City of Wildwood, 23 N.J.Super. 379, 92 A.2d 873 (1952). The pleadings, however, do not present the possibility of that type of contract.

The only possible legal relationship between the three parties which remains unexplored, then, is that both Turco and Flying Tiger acted negligently as to Bertone. Two theories of indemnity of Turco by Flying Tiger would seem to be possible there. The first of these is that if the warning given by Turco to prospective users of Paint-Gon was not calculated reasonably to afford notice of the danger, but that additional warning meeting the requirements of adequacy was supplied to Flying Tiger by Turco, Flying Tiger could have come under a duty to Turco as well as to the prospective user to pass the additional information on to whomever Flying Tiger exposed to the product as the actual user. And if that were the fact then it is very possible that Turco itself could assert against Bertone the defense of the Workmen's Compensation recovery by reason of its being in privity with Flying Tiger. Cf. Jacowicz v. Delaware, L. & W. R. Co.,

87 N.J.L. 273, 92 A. 946 (E. & A. 1915). But cf. Yearicks v. City of Wildwood, supra.[2] Turco could, under the supposed facts, also escape liability to Bertone by successfully showing that it was Flying Tiger's supervening negligence in failing to relay the additional information making the warning adequate which had caused Bertone's injury. Restatement, Torts, § 440.

Be that as it may the fact is that nothing has been pleaded in the third party complaint from which it would appear that there was any more adequate, specific, or detailed warning given to Flying Tiger. And even if there were, in order for Turco to be indemnified by Flying Tiger it would be necessary to show additionally that Flying Tiger, in receiving the product with any further instructions regarding precautions, had come under a duty to Turco, either expressly or by implication, to instruct its employees more adequately than Turco had undertaken to warn generally of the product's dangerous qualities.

It remains for us to deal with the second theory by which Turco might seek recovery over from Flying Tiger, even though both were negligent as to Bertone. The fault of each as to Bertone is alleged to be a failure to convey to him the full information which each of them severally possessed concerning the dangers inherent in the use of Paint-Gon. This assumes that Turco gave some warning not amounting to a full disclosure, but that Flying Tiger wrongfully omitted to pass even the warning of which it was apprised on to Bertone. The further assumption here must be that Turco's failure to warn was so slight in relation to the extent of the danger which could foreseeably stem from that failure, that Bertone's injury was all but entirely caused by the neglect of Flying Tiger properly to instruct him in accordance with what information Turco had made available. The theory has been characterized as one where the passively negligent tortfeasor is entitled to recovery over against the active tortfeasor. As stated by Judge Hand in Slattery v. Marra Bros., 2 Cir., 1951, 186 F.2d 134, 139, that result is rationally possible only if the two are liable to the same person for a joint wrong. As Judge Hand has also pointed out, Slattery v. Marra Bros., supra, 186 F.2d at page 138, the doctrine may perhaps be accounted for as being an exception designed to mitigate the often harsh rule which denies contribution—of which indemnity is an extreme form—among joint tortfeasors.[3]

For whatever reason it has come into the law of some jurisdictions, the doctrine is generally limited to situations where liability has been imposed upon a party by statute or because of his legal relationship to the actual wrongdoer, Detroit Edison Co. v. Price Brothers Co., 6 Cir., 1957, 249 F.2d 3, or for

---

2. In Yearicks the employee who had recovered workmen's compensation from his employer sued a third party tortfeasor. The third party sought indemnity from the employer who seems to have been a joint tortfeasor, but the indemnity was sought not on that ground but on the basis of a contract between the impleading third party and the impleaded employer. No attempt seems to have been made by the third party tortfeasors to assert that the workmen's compensation payment was a discharge of all the joint tortfeasors if the employer was found as a matter of fact to have been in pari delicto with them. As it was Yearicks could have resulted in a recovery by the employee from the third party tortfeasor, who then by contract would have been indemnified by the employer. In effect the employer, by entering the contract of indemnification gave the employee in the case a right to elect the compensation recovery or the common law remedy, not only after the accident but after recovering judgments on both theories.

3. The rule denying contribution has been warmly criticized as in reality not being the general rule but an exception which even as an exception has been unjustifiably enlarged. 13 Am.Jur. 35, § 37 Contribution, fn. 9, citing Restatement, Restitution pp. 386–388; Reath, Contribution Between Persons Jointly Charged for Negligence, 12 Harvard Law Review 176.

acts of omission where the negligence of the other tortfeasor has been an act of commission, Banks v. Central Hudson Gas & Electric Corp., 2 Cir., 1955, 224 F.2d 631. Whether or not the negligence of Turco—if negligence there was—could be characterized as merely passive need not detain us, for it appears that the active-passive negligence doctrine has not found favor in New Jersey, at least to an extent that would affect the result here. Public Service Electric & Gas Co. v. Waldroup, 38 N.J.Super. 419, 119 A.2d 172 (App.Div.1955). That was, indeed, Judge Hand's conclusion in the Slattery case before Waldroup pronounced for the state courts the rule that is binding on the Federal courts in this diversity case. Both Slattery and Waldroup involved attempts by a third-party tortfeasor to implead the plaintiff's employer for contribution, even though the employer was liable to the injured employee under the provisions of the New Jersey Workmen's Compensation statute and consequently thereby not subject to any other form of recovery by the employee. N.J.S.A. 34: 15–8. New Jersey, since 1952, ordinarily would permit contribution among joint tortfeasors. N.J.S.A. 2A:53A–3. "Joint tortfeasors" are there statutorily defined as being "* * * two or more persons jointly or severally liable in tort for the same injury * * *." Farren v. New Jersey Turnpike Authority, 31 N.J.Super. 356, 106 A.2d 752, 753 (App.Div. 1954) held that because the employee could not maintain an action against his employer, the employer is not one "liable in tort" and so therefore not subject to contribution, even though negligent, to a third party who is liable in tort to the employee. Any possible doubt that this would apply equally to a claim for indemnity was removed by Public Service Electric & Gas Co. v. Waldroup, supra. Thus, even if the active-passive doctrine were otherwise accepted in New Jersey it would not remove the bar to the assertion of remedies other than the Compensation statute against the employer. That bar continues against the third party liable in tort who seeks contribution to that liability from the employer who, absent the bar of the statute, would also be liable in tort.

The judgment of the district court will be affirmed.