Frank **RALEIGH** and Celeste Esther Raleigh, his wife, Plaintiffs,

v.

Edith C. **PETERSON**, Defendant.

Edith C. **PETERSON**, Third-Party Plaintiff,

v.

Frank R. **FOLLETT**, Third-Party Defendant.

Civ. A. 6063.

United States District Court
M. D. Pennsylvania.
July 31, 1958.

Davis & Katz, Lebanon, Pa., for plaintiffs.

Metzger, Wickersham & Knauss, Harrisburg, Pa., for defendant and third-party plaintiff.

James W. Evans, Harrisburg, Pa., for third-party defendant.

FOLLMER, District Judge.

This cases stems from an automobile collision in Lebanon County, Pennsylvania, on October 29, 1955. Plaintiff, Celeste Esther Raleigh, was a passenger in car owned and operated by Frank R. Follett, when the Follett car collided with car owned and operated by defendant, Edith C. Peterson. Raleigh and Follett were citizens of New York and Peterson was a citizen of Pennsylvania. Follett is brought in the case as a third-party defendant. The complaint in the instant case was filed September 6, 1957.

Defendant Peterson answered and set forth, inter alia, as a defense that Frank Raleigh and Celeste Esther Raleigh, his wife, brought suit in the Supreme Court of New York against Frank R. Follett for the identical injuries sustained in the identical accident as set forth in the instant complaint and which case came to trial before a Judge and jury on June 10, 1957. Verdicts were obtained in the said New York action against Frank R. Follett and judgments were entered on June 12, 1957, to wit: $5,000 in favor of Celeste Esther Raleigh and $3,400 in favor of Frank Raleigh, which judgments have been paid and satisfied of record.

Third-party defendant Follett then answered and set forth, as affirmative defenses, inter alia, the New York suit, judgment and satisfaction as set forth by defendant Peterson, and also that on May 12, 1956, defendant and third-party plaintiff Peterson did release and forever discharge Follett "from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 29 day of October 1955, at or near Lebanon, Pennsylvania." A copy of the said release was attached to the answer from which it appears that the consideration for the release was $2,250.

Third-party defendant moved for summary judgment in his favor and against the defendant and third-party plaintiff for the reason that the release given as aforesaid was a general release and a complete bar to all claims and demands of any kind or nature which defendant and third-party plaintiff has or may have in the future by reason of the certain accident and collision on October 29, 1955; that furthermore the said release is a bar to defendant and third-party plaintiff's right of contribution from third-party defendant.

Motion of third-party defendant Follett for summary judgment was refused on the authority of Davis v. Miller, 385 Pa. 348, 123 A.2d 422. This case held in substance that where the plaintiff in an action of trespass releases the additional defendant pursuant to the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., the original defendant is entitled to retain the additional defendant as a party in the case for the purpose of having the additional de-

fendant's liability as a joint tortfeasor determined, even though the original defendant is not entitled to contribution from the additional defendant by reason of his own release.

The matter is presently before the Court on two motions:

1. Motion of defendant to dismiss.

2. Motion of third-party defendant for partial summary judgment.

In her motion to dismiss defendant Peterson gives as her reason in support thereof that "From all the pleadings it appearing that the plaintiffs, Frank Raleigh and Celeste Esther Raleigh, brought an action against Frank R. Follett, third party defendant, in the Supreme Court of Monroe County of the State of New York to recover damages for identical injuries received in the collision involved in the present controversy, and after trial a verdict in the amount of $5,000 was rendered for plaintiff, Celeste Esther Raleigh, and a verdict rendered in favor of Frank Raleigh in the amount of $3,400, upon both of which verdicts judgment was entered, paid and marked satisfied July 12, 1957, therefore, the plaintiffs having recovered a judgment and satisfaction against one of two alleged joint tortfeasors they may not maintain this action against the defendant, Edith C. Peterson, the other alleged joint tortfeasor."

This motion involves the construction of Pennsylvania's Uniform Contribution Among Tortfeasors Act, supra. The pertinent portions of this Act provide as follows:

"[Section 1.] For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

"[Section 2.] (1) The right of contribution exists among joint tortfeasors; * * *

"[Section 3.] The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors.

"[Section 4.] A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

\*　\*　\*　\*　\*　\*

"[Section 7.] This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it."

The sections quoted follow word for word similar sections in the first Uniform Contribution Among Tortfeasors Act approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association, in 1939.

The Historical Note to the Uniform Contribution Among Tortfeasors Act, 9 U.L.A. Page 230, states:

"In 1955 the Conference affirmed, and now recommends the adoption of, a revised Contribution Among Tortfeasors Act, which reconciles variations that developed in the statutes of the states that had adopted the 1939 Act, as well as in the tortfeasors contribution statutes of other states."

The recommended revision included, inter alia, as Section 3(e) the following.

"(e) The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death unless the judgment

is satisfied. The satisfaction of the judgment does not impair any right of contribution."

The Commissioners' Note on this recommended revision is as follows:

" * * * This was Section 3 of the 1939 Act. It simply states the well established rule that the injured party in obtaining judgment against one joint tortfeasor does not thereby discharge the others, although there may, of course, be but one satisfaction of the claim."

It is the defendant's contention that under the common law of Pennsylvania satisfaction and payment of one judgment for an injury where several judgments have or may be obtained discharges all claims for the identical injury, in support of which she cites, inter alia, Manganiello v. Lewis, 122 Pa.Super. 435, at page 437, 186 A. 218, and Seither v. Philadelphia Traction Co., 125 Pa. 397, at page 402, 17 A. 338, 4 L.R.A. 54. She further contends that the above common law rule is still the law of Pennsylvania and has not been changed by the Act of 1951, specifically Section 3 thereof; that the Commissioners' suggested revision of 1955, with respect to Section 3, reaffirms the common law rule that satisfaction of one judgment by the injured party against one joint tortfeasor did discharge the other joint tortfeasor (except for contribution). The Commissioners' suggested revision has not as yet been adopted in Pennsylvania. I think, however, it is fair to assume at this point that there is no pressing need for clarifying legislation on Section 3 of the Uniform Act as adopted in Pennsylvania, until the appellate courts of Pennsylvania have had an opportunity to interpret the said section and in such interpretation have indicated whether or not they will follow the Commissioners' expression of their intended meaning of the language of the said section as indicated by the 1955 Revised Act carrying No. "3(e)", with the explanatory note, showing such proposed revision was intended not as a change but merely as a clarification of the original Section 3.

It should be stated parenthetically that the earlier Pennsylvania Act of 1939, June 24, P.L. 1075, 12 P.S. § 2081, provided for contribution among tortfeasors.

■ Plaintiffs, on the other hand, call attention to three basic common law rules, to wit: (1) no right of contribution among tortfeasors; (2) the release of one joint tortfeasor by plaintiff operates as a release of all other joint tortfeasors; and (3) while separate suits may be brought against several defendants for a joint trespass and there can be a recovery against each, plaintiff can have but one satisfaction and when the plaintiff has actually received satisfaction for the injuries sustained, the cause of the action is discharged as to both. They argue that when the Pennsylvania Contribution Among Tortfeasors Act of 1939 was passed the protection of the above stated common law rules were no longer required, and that the final act of clarifying this situation was made in the passage of the Uniform Act of 1951. To plaintiffs the plain meaning of Sections 3 and 4 of the Uniform Act is that the Act was not passed to be a mere restatement of the common law but was a definite alteration thereof and as such in derogation thereof, and accordingly must be strictly construed. In support of their position that they should be permitted to sue both joint tortfeasors regardless of the fact they accepted satisfaction of judgment secured against one joint tortfeasor, plaintiffs cite two cases, one an appellate decision of a sister state and the other a lower court decision in Pennsylvania, i. e., Hackett v. Hyson, 72 R.I. 132, 48 A. 2d 535, 166 A.L.R. 1096; and Albero v. Redd, Washington County, 1956, 7 Pa. Dist. & Co. R. 2d 1. They contend that we cannot ignore the Hackett case and that we are bound by the Albero case. Of course we do not subscribe to this contention. No case in point by either of the Pennsylvania appellate courts has been brought to our attention. The Albero case is apparently the only Pennsylvania court pronouncement on the sub-

ject. We are clearly not bound by the Albero case. Sunbeam Corp. v. Civil Service Employees' Cooperative Ass'n, 3 Cir., 187 F.2d 768, 771, 772; King v. Order of United Commercial Travelers of America, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608.

The Rhode Island opinion being the pronouncement of the highest appellate court of a sister state certainly is entitled to great respect but it is not to me convincing, nor do I think that the appellate courts of Pennsylvania would follow it. The facts in the Hackett case were very similar to those in the instant case. There, as stated in the opinion of the court [72 R.I. 132, 48 A.2d 354],

> " * * * As a result of a collision, on a public highway in Woonsocket, between his (defendant's) automobile and one operated by George H. Cote, plaintiff Elizabeth Hackett, a passenger in Cote's automobile, was injured. She and her husband, Felix Hackett, brought actions for damages against Cote and recovered judgments. They also brought the instant actions against defendant, but, in the meantime, before those actions were heard the judgments against Cote were satisfied. Thereupon defendant by special pleas set up the satisfaction of such judgments as a bar to plaintiffs' actions against him. Plaintiffs demurred to the pleas on the ground that sec. 3 expressly negatives such discharge."

The court sustained plaintiffs' exception, holding that under the Uniform Contribution Among Tortfeasors Act (which included sections 1, 2, 3, 4, and 8, Pub. Laws 1940, c. 940, as in the Pennsylvania Act, supra) the defendant was not "discharged by reason of the satisfaction of plaintiffs' judgments against Cote, but that such judgments must be applied in reduction of the amounts of any judgments which may be rendered against the defendant in these actions." The court stated, inter alia:

> "Thus it appears that before the enactment of chap. 940 (Uniform Act) this court was inclined to the *majority view that only recovery of judgment in the sense of satisfaction thereof by one joint tortfeasor was effective to discharge all other joint tortfeasors.* In such a situation, if the Legislature intended 'recovery of a judgment' in sec. 3 to mean merely rendition of the judgment in favor of the injured person, then it accomplished nothing by declaring that *recovery of a judgment against one joint tortfeasor did not discharge the other joint tortfeasors, as that was already the law.* On the other hand, if it intended the words 'recovery of a judgment', to mean actual recovery on the judgment and not mere rendition of the judgment, then it did accomplish something, namely, the reversal of the common-law rule that the satisfaction by one joint tortfeasor of the judgment discharged the other joint tortfeasors.* (Emphasis supplied.)

> "Unless there is some reason expressed or necessarily implied to the contrary in the act we should construe the legislative language so as to give it meaning. We find nothing in the act that requires us to accept the construction for which the defendant contends. On the contrary, we are of the opinion from a fair reading of the whole act that it was designed to reverse two well-established rules of law, namely, (1) that there was no contribution among joint tortfeasors, and (2) that the discharge of one joint tortfeasor by satisfaction of a judgment or by its equivalent, a release, discharged all the other joint tortfeasors."

Thus, in the light of the Commissioners' subsequent statements, in my opinion,

the court misinterpreted the thinking of the Commissioners in the drafting of the original Section 3.[1]

It is significant that the Hackett case is the only case cited under Notes of Decisions under Section 3 of the Uniform Act in 9 U.L.A. The Commissioners' Note under Section 3(e) of the 1955 Revised Act (Section 3 of the 1939 Act), to wit:

> " * * * This was Section 3 of the 1939 Act. It simply states the well established rule that the injured party in obtaining judgment against one joint tortfeasor does not thereby discharge the others, *although there may, of course, be but* one *satisfaction of the claim.*" (Emphasis supplied.)

coupled with the language of the proposed revision of Section 3, makes it abundantly clear that the court in Hackett did not correctly appraise the design of the Commissioners in the drafting of the original Section 3.

■ I do not agree with the court in Hackett that a release is the equivalent of a satisfaction of a judgment. A release implies action between the parties which may or may not involve an election between defendants and the susceptibility to all sorts of cross currents. In addition, a release is usually intended to effect a settlement between the injured party and one joint tortfeasor but does not necessarily call for a determination of the question of liability. A satisfaction of a judgment, on the other hand, indicates an expression of finality following the entry of a judgment on a verdict returned by a jury after a thorough litigation of all questions of liability and damages.

■ The Hackett case is annotated in 166 A.L.R. 1096, et seq. The annotations state the general rule as follows:

> "Later decisions support the proposition, as expressed in the earlier annotations on this subject, that although separate judgments may be recovered against joint tort-feasors there can be but one satisfaction."

In support of this proposition there appear not only Federal citations but citations from seventeen states, including Pennsylvania. Further,

> "The rule that acceptance of payment or other satisfaction of a judgment against one of two or more joint tort-feasors is a bar to any further proceedings against the other tort-feasors for the same tort is supported by the following later decisions."

Then follow Federal and sixteen state citations, including Pennsylvania.

As above stated, Pennsylvania's Uniform Act in Section 7 provides:

> "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it."

In view of the long established common-law rule, with which Pennsylvania has been in accord, and in the light of the expressed clarification of Section 3 by the Commissioners in which the rule was characterized as "well established", and with the thought in mind of so interpreting and construing the act as to effectuate its general purpose to make the law really and truly uniform, I am constrained to hold that plaintiffs by voluntarily entering a satisfaction on the New York judgment have exhausted their remedies and that accordingly the action should be dismissed. In the light of the above determination on defendant's motion to dismiss the main action, third-party defendant's motion for partial summary judgment becomes moot.

---

1. Comments expressed herein concerning Hackett are equally applicable to Albero.