**NEW AMSTERDAM CASUALTY COMPANY, Plaintiff,**

v.

**HOMANS–KOHLER, INC., J. J. O'Rourke d/b/a J. J. O'Rourke Electric Company, Air-Lite Products, Inc. and Howard W. Holmes, Milton E. Nelson and Harold Bateson, Co-Partners d/b/a Charles A. Maguire & Associates, Defendants.**

Civ. A. No. 3577.

United States District Court,
D. Rhode Island.
March 17, 1970.

13. Id.

Allen M. Shine, Providence, R.I., for plaintiff.

Andrew H. Davis, Jr., of Swan, Keeney & Jenckes, Providence, R.I., for J. J. O'Rourke.

Raymond A. LaFazia, of Gunning & LaFazia, Providence, R.I., for Air-Lite Products, Inc.

Edward J. Regan, of Graham, Reid, Ewing & Stapleton, Providence, R.I., for Charles A. Maguire & Associates.

## OPINION

DAY, Chief Judge.

In this action the plaintiff as subrogee of the Gilbane Building Co. and the Industrial National Bank of Rhode Island seeks to recover from the defendants certain sums of money it alleges it paid to its subrogors as insureds under a certain policy of fire insurance it had issued for their benefit and the benefit of others described therein. In its amended complaint it alleges in substance that on November 23, 1962, at a site known as the Industrial National Bank Hardened Computer Center in Glocester, Rhode Island, a fire and explosion occurred which substantially damaged property then belonging severally to said Gilbane Building Co. and said Industrial National Bank of Rhode Island; that at the time of said fire and explosion, there was in effect a policy of fire insurance issued by the plaintiff to Gilbane Building Co. and said Industrial National Bank of Rhode Island insuring their property and interests in the structure being erected at said location in the amount of $843,-000; that, pursuant to the terms of said policy, plaintiff paid the sum of $307,-653.32 to said Gilbane Building Co. and

the sum of $10,500 to said Industrial National Bank of Rhode Island in satisfaction of its liabilities to them under said policy, and that it is subrogated to their rights to the extent of the sums so paid.

It also alleges that said fire was the direct and proximate result of the negligence of the defendants or some or all of them, and that at all pertinent times said Gilbane Building Co. exercised due and reasonable care and seeks judgment against the defendants, or some or all of them, in the sum of $318,153.32.

This matter is now before me upon the motions of J. J. O'Rourke d/b/a J. J. O'Rourke Electric Company (hereinafter called O'Rourke) for summary judgment in his favor on cross-claims filed against him by the defendants, Air-Lite Products, Inc. and Howard W. Holmes, Milton E. Nelson and Harold Bateson, d/b/a Charles A. Maguire & Associates (hereinafter called Charles A. Maguire & Associates).

In its cross-claim against O'Rourke, Air-Lite Products, Inc. alleges that if there is any liability on its part to the plaintiff, such liability will have been brought about by the active and primary negligence of O'Rourke without any negligence or fault on its part and seeks a judgment for indemnity against him or, in the alternative, a judgment for contribution by him as a joint tortfeasor to any amount recovered against it.

Substantially similar allegations with respect to negligence on the part of O'Rourke are made in the cross-claim of said Charles A. Maguire & Associates, and they seek therein a judgment for indemnity against him, or, in the alternative, contribution by him as a joint tortfeasor under the provisions of Chapter 6 of the General Laws of Rhode Island, 1956, Section 10–6–1 et seq., the Uniform Contribution Among Tortfeasors Act of Rhode Island.

Section 10–6–2 of the General Laws of Rhode Island, 1956 provides as follows:

"Joint tortfeasors defined—For the purposes of this chapter the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."

And Section 10–6–3 thereof then provides:

"Rights of contribution declared. The right of contribution exists among joint tortfeasors."

 One of the primary purposes of the passage of said Act was to create a right of contribution among joint tortfeasors which did not exist at common law. Hackett v. Hyson, 1946, 72 R.I. 132, 48 A.2d 353, 166 A.L.R. 1096. But it is well settled that its provisions apply only where there is a common liability in tort by the joint tortfeasors for the same injury to person or property. This common liability may be either joint or several, but there can be no contribution unless the injured person has a right of action in tort against both the party who seeks contribution and the party from whom contribution is sought. Newport Air Park, Inc. v. United States, 1969, 1 Cir., 419 F.2d 342; Troutman v. Modlin, 1965, 8 Cir., 353 F.2d 382; Chicago, Rock Island & Pacific Railroad Company v. Chicago & Northwestern Railway Company, 1960, 8 Cir., 280 F.2d 110; Rowe v. John C. Motter Printing Press Company, 1967, D.C.R.I., 273 F.Supp. 363; White v. McKenzie Electric Cooperative, Inc., 1964, D.C.N.D., 225 F.Supp. 940; Blunt v. Brown, 1963, D.C.Iowa, 225 F. Supp. 326; 18 Am.Jur.2d 69 Contribution, § 48.

 It is well settled that where an insurer has paid a loss to one of the insureds under its policy, it cannot, as subrogee, recover from another of the parties for whose benefit the insurance was written even though the latter's negligence may have caused said loss, there being no design or fraud on his part. General Insurance Company of America v. Stoddard Wendle Ford Motors, 1966, 67 Wash. 2d 973, 410 P.2d 904; Louisiana Fire Ins. Co. v. Royal Indemnity Co., 1949, La.App., 38 So.2d 807; Glens Falls Ins.

Co. v. Globe Indemnity Co., 1948, 214 La. 467, 38 So.2d 149; Allegheny College v. Crump, Inc., 1959, 21 Pa.Dist. & Co. R.2d 207.

In General Insurance Company of America v. Stoddard Wendle Ford Motors, supra, the Court held at page 908 of 410 P.2d:

"Cases in which an insurance company attempts to recover, as a subrogee, against a party for whose benefit the insurance was written and whose negligence has occasioned the loss, are concededly rare, but there are some (mostly in the field of builder's risk insurance). The courts have consistently held, in the builder's risk cases, that the insurance company—having paid a loss to one insured—cannot, as subrogee, recover from another of the parties for whose benefit the insurance was written even though his negligence may have occasioned the loss, there being no design or fraud on his part."

In an opinion filed in this case on September 23, 1969, I held that the plaintiff as the subrogee of said Gilbane Building Co. and said Industrial National Bank of Rhode Island had no right of action against O'Rourke for damages allegedly caused by his negligence, there being no claimed design or fraud on his part, because he was also an insured under said policy of fire insurance. New Amsterdam Casualty Company v. Homans-Kohler, Inc., et al., D.C.1969, 305 F.Supp. 1017. Since New Amsterdam Casualty Company has no right of action against O'Rourke to recover damages for his negligence, it follows that there is no common liability in tort for said damages to New Amsterdam Casualty Company by Air-Lite Products, Inc., Charles A. Maguire & Associates and O'Rourke. In the absence of such common liability, they are not joint tortfeasors under said Act among whom a right of contribution exists under said Act.

Similarly, it is well settled that a claim for noncontractual indemnity can be maintained only where there is tort liability on the part of the indemnitor to the injured person. Wien Alaska Airlines, Inc. v. United States of America, 1967, 9 Cir., 375 F.2d 736; United Air Lines, Inc. v. Wiener, 1964, 9 Cir., 335 F.2d 379; Great Northern Railway Co. v. Bartlett & Co., Grain, 1962, 8 Cir., 298 F.2d 90; Bertone v. Turco Products, Inc., 1958, 3 Cir., 252 F.2d 726; Slattery v. Marra Bros., Inc., 1951, 2 Cir., 186 F.2d 134. Since the plaintiff in this action has no right of action against O'Rourke for damages to said structure allegedly caused by his negligence, no right of action against O'Rourke for indemnity exists in favor of either Air-Lite Products, Inc. or Charles A. Maguire & Associates.

Accordingly, the motions of the defendant, J. J. O'Rourke d/b/ J. J. O'Rourke Electric Company for the entry of summary judgments in his favor on the cross-claims of Air-Lite Products, Inc. and Howard W. Holmes, Milton E. Nelson and Harold Bateson, d/b/a Charles A. Maguire & Associates must be and they are granted.