206 A.2d 462.

MICHELE TROTTI, *p.p.a. vs.* MADELINE PIACENTE.
MICHAEL TROTTI *vs.* CARLO PIACENTE.
MICHAEL TROTTI *vs.* MADELINE PIACENTE.

JANUARY 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

168

JOSLIN, J. These three actions of trespass on the case for negligence arise out of a collision between two motor vehicles. The vehicle in which Michele Trotti, a minor, was a passenger was owned by Madeline Piacente and was operated by her son Carlo. One suit is by the passenger against the owner, and the other two are separate actions for consequential damages by the passenger's father against the operator and the owner respectively. The defendant in each case filed a plea of puis darrien continuance setting forth that subsequent to the commencement of the suit Michele Trotti married Carlo Piacente. Each case is here on the plaintiff's exception to the decision of the trial justice overruling a demurrer to the plea.

At the outset we observe that in this state a wife may not maintain a suit against her husband for injuries caused by the latter's negligence. The rule has its roots in the common-law conception of the identity of the husband and wife as one and in the policy that this kind of suit, if allowed, would disrupt the marital relationship. *Castellucci* v. *Castellucci*, 96 R. I. 34, 188 A.2d 467; *Benevides* v. *Kelly*, 90 R. I. 310; *Oken* v. *Oken*, 44 R. I. 291.

We consider first the suit by the passenger against the owner for injuries sustained while riding in an automobile owned by defendant and operated with her permission by her son Carlo who, subsequent to the commencement of the suit, became plaintiff's husband. The question is whether the immunity of plaintiff's husband from her suit for damages resulting from his tortious conduct extends to his principal.

The landmark case on the question is *Schubert* v. *August Schubert Wagon Co.*, 249 N. Y. 253. There recovery was had by a wife against her husband's employer for injuries caused by the husband's negligence. The court held that marriage although barring the wife's recovery from her husband did not extinguish the claim against him, and that the husband's immunity from suit should not be confused

with his culpability for the wrong. This principle was recognized by us in *Benevides* v. *Kelly, supra,* where we said that a wife retained her property right in a cause of action accruing against her husband as a result of a pre-marital injury although her subsequent marriage deprived her of a remedy therefor.

The court in *Schubert,* speaking through Chief Judge Cardozo, carefully considered and rebutted the two grounds generally relied upon for extending to a principal the husband's immunity from suit. The argument that the extinguishment of the right against an agent necessarily extinguishes that against the principal, he countered by observing that neither a discharge in bankruptcy of nor a covenant not to sue given by an agent releases a principal from liability.

The other argument used is that the principal's right over against the agent might in the long run cast the burden of the wife's recovery upon her husband. Chief Judge Cardozo admitted this consequence, but denied its significance as a decisive factor, pointing out at page 257 that: "The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself. The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard * * *." Moreover, as stated in Prosser, Torts (2d ed.), §101, p. 678, "if protection of the servant is still the sine qua non, it may be accomplished merely by denying the indemnity."

Having thus met the arguments advanced for extending the doctrine, Chief Judge Cardozo found no irreconcilable conflict between exempting the husband from liability and charging the principal for the wife's loss. The considerations of policy against interspousal suits, he said, were not

justification for permitting a principal to "hide behind the skirts" of the husband's immunity. The doctrine of interspousal immunity from suit judicially "engrafted" upon the married women's statutes, he concluded, should not be extended "by dubious construction."

The views expressed and the conclusions reached in *Schubert* have been widely followed. *Eule* v. *Eule Motor Sales,* 34 N. J. 537; *Poulin* v. *Graham,* 102 Vt. 307; *Chase* v. *New Haven Waste Material Corp.,* 111 Conn. 377; *Koontz* v. *Messer,* 320 Pa. 487; *Pittsley* v. *David,* 298 Mass. 552. Prosser, Torts, *supra,* pp. 678-79. In accord also is the Restatement of Agency 2d, where at §217 (b) (ii), p. 469, it is stated that a master or principal "has no defense because of the fact that * * * the agent had an immunity from civil liability as to the act"; and in comment b to that section that "where a servant in the scope of employment negligently runs over his wife, an action against the master by the injured wife is not barred."

We are satisfied that a husband's immunity from suit by his wife does not extend to his principal and that the principal may be liable even though the agent is not.

We now come to the question of whether the father's suit against the operator for consequential damages for a tort committed against his minor daughter falls because of her subsequent marriage to the tortfeasor. The plaintiff seeks to recover for past and future expenditures for necessary medical care for his daughter and for the loss of her services. At the time he commenced suit, his daughter was an unemancipated unmarried infant, and at least until her marriage or other emancipation he was chargeable for her care, nurture and welfare, and was entitled to her services. G. L. 1956, §33-15-1, as amended. His right of action against defendant for the damages he sustained was a direct one which was separate and independent from that of his daughter for her injuries. *Bedard* v. *Notre Dame Hospital,* 89 R. I. 195; 3 Restatement, Torts §703, comment b, p. 510.

The defendant, however, interposes the plea of his subsequent marriage to plaintiff's daughter and contends that this marital relationship may be disrupted if the pending suit is allowed to stand. He contends that the same reasons of policy which inhibit suit by his wife against him demand that the father's independent suit fall.

True it is, as defendant argues, that in this suit husband and wife may find themselves at opposite ends of the counsel table, but who is to say that the marital relationship is more likely to be disrupted by that coincidence than it would be if the father were denied reimbursement for expenses incurred, perhaps at considerable sacrifice, because of defendant's negligence. Experience teaches that marital woes may and do result from a husband's refusal to pay a debt justly due his wife's parent. We cannot agree that the daughter's marriage freely entered into by her should for reasons of policy strike down plaintiff's suit. "Neither reason, justice, precedent, nor principle requires such a ruling." *Hudson* v. *Hudson*, 226 Md. 521, 532.

We hold that the subsequent marriage by the minor daughter to the tortfeasor does not bar the parent from maintaining a suit for consequential damages for injuries sustained by her.

The views already expressed also control in the case of the father against the automobile owner.

In each case the plaintiff's exception to the decision overruling the demurrer is sustained, and each case is remitted to the superior court for further proceedings.

*Michael A. Abatuno, Vincent J. Chisholm,* for plaintiffs.

*Francis V. Reynolds, Leonard A. Kiernan, Jr.,* for defendants.