217 A.2d 673.

ESTHER ZARRELLA *vs.* JACOB MILLER.

MARCH 17, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This action of trespass on the case for contribution was brought under G. L. 1956, chap. 6 of title 10, the uniform contribution among tortfeasors act. The case is before this court on the plaintiff's exceptions to certain rulings on the pleadings.

The case presents a question of first impression in this state. It raises the issue whether the spouse of an injured party is a joint tortfeasor, as the term is defined in §10-6-2

of the act, subjecting him to an action for contribution under §10-6-3.

We shall discuss briefly the pertinent facts. The plaintiff's motor vehicle, while being operated by her agent, was involved in a collision with a motor vehicle operated by defendant, resulting in injuries to defendant's wife who was a passenger in his vehicle at the time of the accident. She brought suit against plaintiff to recover damages for her injuries. It is admitted that a fair and reasonable settlement was entered into between plaintiff and defendant's wife, whereby plaintiff paid defendant's wife the sum of $6,375.

Sometime thereafter plaintiff brought the instant action. The defendant's third plea to plaintiff's amended declaration alleges in substance that at all times material he was married to the injured party; that he was not and could not have been "jointly or severally liable in tort" to his wife for the injuries in question; that he was not a joint tortfeasor within the meaning of the act; and that therefore plaintiff was not entitled to contribution thereunder. The plaintiff's demurrer to such plea was overruled by a justice of the superior court and, after taking an exception to such ruling, she filed a motion for entry of decision for defendant, citing *Ewell* v. *Cardinal,* 53 R. I. 469 (1933), as authority for the filing thereof. This motion was heard and granted by another justice of the superior court, plaintiff's exception to such ruling being noted on the record. The case is before us on her exceptions to both rulings.

In *Trotti* v. *Piacente,* 99 R. I. 167, 206 A.2d 462, *Castellucci* v. *Castellucci,* 96 R. I. 34, 188 A.2d 467, and *Benevides* v. *Kelly,* 90 R. I. 310, we discussed the general problem of interspousal suits resulting from tortious conduct. In this state a wife may not maintain a suit against her husband for injuries caused by the latter's negligence. *Oken* v. *Oken,* 44 R. I. 291. A repetition of what was said in *Trotti* and

*Benevides,* both *supra,* will serve no useful purpose here. However we do feel that certain statements made by this court in those cases are deserving of mention.

In discussing, with approval, the case of *Schubert* v. *August Schubert Wagon Co.,* 249 N. Y. 253, we said in *Trotti,* 206 A.2d at page 463: "The court held that marriage although barring the wife's recovery from her husband did not extinguish the claim against him, and that the husband's immunity from suit should not be confused with his culpability for the wrong." See *Benevides, supra,* at page 313, where the court said: "It is clear that plaintiff here as a married woman has a separate property right in the cause of action which accrued to her by reason of defendant's tortious act prior to her marriage to him. This cause of action did not abate by reason of her marriage." We point this language out only to show that the wife had a cause of action—but the husband was immune from suit thereon.

The question is whether defendant's immunity from suit by his wife for damages resulting from his tortious conduct extends to an action for contribution under the act. This, in turn, depends upon the question whether defendant is a joint tortfeasor within the meaning of §10-6-2, which defines the term "joint tortfeasors" to mean "two or more persons jointly or severally liable in tort for the same injury to person * * *." We hold that defendant is a joint tortfeasor within the contemplation of the act and therefore liable in an action for contribution thereunder.

In so holding we are not unmindful of the split of authority on this issue in jurisdictions which have adopted the act. See Annot., 19 A.L.R.2d 1003. There is nothing in the act indicating a legislative intent to extend the doctrine of interspousal immunity to actions for contribution from the spouse of an injured party and we do not believe that such intent existed when the act was adopted, and we believe this is so for the following reasons. The considerations of

public policy upon which the doctrine of interspousal immunity is predicated do not apply to actions for contribution under the act since such actions do not contemplate an action by a wife against her husband. The reason of the rule against interspousal suits does not apply to actions under the instant act.

Moreover, the term "liable in tort," as used in §10-6-2, means any person or persons who have negligently contributed to another's injury, including a husband who has negligently contributed to his wife's injury. The term refers to culpability. This concept was acknowledged as late as *Trotti*, 206 A.2d at page 463, where the court said: "* * * the husband's immunity from suit should not be confused with his culpability for the wrong." With respect to the doctrine forbidding interspousal suits in this state, it is clear that a cause of action exists which cannot be enforced. *Trotti* v. *Piacente, Benevides* v. *Kelly,* both *supra.* We agree with plaintiff's statement that the term "liable" in §10-6-2 refers to the existence of a cause of action rather than the right to enforce the same and that under our law the immunity of one spouse from suit by the other is merely procedural.

As we have already stated, we recognize the split of authority in jurisdictions which have adopted the uniform act and where the doctrine of interspousal immunity prevails. We acknowledge the force of defendant's arguments, but we are not convinced by them. After careful consideration we have been persuaded by the reasoning of the courts in *Smith* v. *Southern Farm Bureau Casualty Ins. Co.,* 247 La. 695 (1965), and in *Puller* v. *Puller,* 380 Pa. 219 (1955). The latter case was decided under the uniform act and is predicated in substance upon the theory that a husband is jointly liable for his wife's injury, notwithstanding his immunity from suit. As the court said in *Puller, supra,* at page 221:

"Whatever may be the law in the majority of other jurisdictions (as to which see 19 A.L.R. (2d) 1003, et

seq.), it is established in our own State that a tort-feasor has a right of contribution against a joint tort-feasor even though the judgment creditor be the latter's spouse, parent, or minor child; in other words, a tortfeasor may recover such contribution even though, for some reason, the plaintiff who has obtained a judgment against both of them is precluded from enforcing liability thereunder against the joint tortfeasor * * *. The theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done. Undoubtedly, therefore, the use plaintiff in this case can recover from Puller half the amount of the judgment it paid to Puller's wife and daughter. The question here, however, is whether the use plaintiff can make such recovery from Puller's insurance carrier, or, since the use plaintiff is merely entitled to take over Puller's right in that regard, whether Puller himself could recover from the Insurance Company the sum due by him to the use plaintiff under its claim for contribution."

The uniform contribution among tortfeasors act was enacted in this state by P. L. 1940, chap. 940, as a modern mechanism for a fairer administration of justice. See *Hackett* v. *Hyson*, 72 R. I. 132. We cannot believe that in enacting such act the legislature intended to extend the doctrine of interspousal immunity to actions under the act in the light of modern-day conditions. Such intent would be contrary to common sense and justice. We are convinced that the legislature intended contribution in a case such as this. We agree with the words of Dean Prosser that "There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone * * * while the latter goes scot free." Prosser, Torts, 2d ed., chap. 8, §46, p. 248. In enacting this act we believe the legislature intended to include the spouse of an

injured party as a joint tortfeasor "liable in tort for the same injury."

The plaintiff's exceptions are sustained, and the case is remitted to the superior court for further proceedings.

*Jordan, Hanson & Curran, A. Lauriston Parks, Paul A. Lietar,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley, Ridler W. Page,* for defendant.