**NEW AMSTERDAM CASUALTY COM-
PANY, Plaintiff,**

**v.**

**Howard W. HOLMES et al., Air-Lite
Products, Inc., Defendants,
Appellants,**

**J. J. O'Rourke, d/b/a J. J. O'Rourke Elec-
tric Company, Homans-Kohler, Inc.,
Defendants, Appellees.**

**Nos. 7619–20, 7641–42.**

United States Court of Appeals,
First Circuit.

Dec. 30, 1970.

Edward J. Regan, Providence, R. I. with whom Tillinghast, Collins & Graham and Raymond A. Lafazia, Providence, R. I., were on the brief, for appellants.

John T. Keenan, Providence, R. I., for Homans-Kohler, Inc., appellee.

Andrew H. Davis, Jr., Providence, R. I., with whom Charles H. Anderson, Rae B. Condon, and Swan, Keeney & Jenckes, Providence, R. I., were on brief, for J. J. O'Rourke, etc., appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

These appeals raise the right of appellants to seek contribution, under R.I. Gen.Laws 1956, § 10–6–1 et seq., the Uniform Contribution Among Tortfeasors Act, from appellees for any amounts that may be found due from appellants to the plaintiff, the insurer of the party allegedly injured by appellants' and appellees' joint negligence. Appellees are J. J. O'Rourke and Homans-Kohler, Inc.; appellants, Howard W. Holmes et al. and Air-Lite Products, Inc. The action originated as a suit by New Amsterdam Casualty Company, the insurer, seeking recovery from both appellants and appellees. Plaintiff alleged that during the construction of a building owned by, and being erected by, Gilbane Building Company, a general contractor,[1] a fire substantially damaged the building; that the fire was caused by the negligence of the several defendants; that plaintiff had been obliged under its contract of insurance to reimburse Gilbane, and was, by virtue of its payment, subrogated to the rights of Gilbane. In their answer appellants denied negligence on their part. In addition they filed cross-claims against appellees, asserting appellees' negligence and claiming that if appellants were found negligent, so as to be accountable to the plaintiff, they were entitled to contribution from appellees.

Appellees moved for summary judgment with respect to the claims asserted against them by the plaintiff on the ground that plaintiff had also insured them, as Gilbane's sub-contractors. Hence, they argued, for plaintiff as subrogee of Gilbane to recover against them would be in violation of its obligations as their insurer. The district court agreed, and granted appellees final summary judgments of dismissal, in accordance with F.R.Civ.P. 54(b). New Amsterdam Cas. Co. v. Homans-Kohler, Inc., D.R.I., 1969, 305 F.Supp. 1017. Appellees then moved for summary judgment of dismissal of appellants' cross-claims against them, asserting that the Rhode Island Contribution statute

---

1. A bank had an interest, but its claim stood on the same footing, and for simplicity we disregard it.

was inapplicable. The district court granted final judgments of dismissal here, as well. New Amsterdam Cas. Co. v. Homans-Kohler, Inc., D.R.I., 1970, 310 F.Supp. 374.

Plaintiff did not appeal from the dismissal of its claim against appellees. Appellants appealed from the dismissal of their cross-claims. The plaintiff did not participate in these appeals, but after the oral argument, envisaging that a resolution of the rights of the appellants and appellees *inter sese* might affect the ultimate rights of the plaintiff, we entered an order permitting it to appear and brief its position on the issues herein considered. All parties are now before the court.[2]

The court's reasoning in dismissing the cross-claims was that in view of the fact that plaintiff had no right of recovery against appellees for their negligence, "it follows that there is no common liability in tort for said damages to [plaintiff by appellants and appellees]. In the absence of such common liability, they are not joint tortfeasors under said Act among whom a right of contribution exists under said Act." 310 F.Supp., ante at 377. We do not read the act so narrowly. Section 10–6–2 defines joint tortfeasors as "persons jointly or severally liable in tort for the same injury * * *." The Rhode Island Court does not construe this as limited to situations in which all contributors are subject to direct suit by the plaintiff. In Zarrella v. Miller, 1966, 100 R.I. 545, 217 A.2d 673, the original plaintiff had been barred from suit against one of two allegedly negligent parties by an interspousal immunity rule. After the original plaintiff successfully sued the other party the court held contribution could be required from the immune but negligent spouse. It read the statute as enacting a broad equitable principle obligating all who "negligently contributed

to another's injury," and who are thus "culpable," regardless of procedural defenses to direct suit.

In *Zarrella* the court regarded the interspousal immunity doctrine as insufficient to defeat this policy. Still less should a private contractual relationship which led Gilbane to assign its rights to plaintiff, or the further, fortuitous, fact that two of the alleged joint tortfeasors happened to have taken out insurance with this same plaintiff. It is true that we have recognized that a legislative intent may be found which overrides the general purpose of the contribution statute. Newport Air Park, Inc. v. United States, 1 Cir., 1969, 419 F.2d 342. We may so regard the result, if not always the reasoning, in the workmen's compensation cases cited by appellees. No such exception, however, is apparent here and appellees cite no pertinent authority in support of one.

■■ The district court's interpretation of the statutory phrase "liable in tort" as demanding present liability to whoever is the particular plaintiff is inconsistent with other language of the statute itself. When it speaks in terms of the "same injury," this must be the initial injury occasioned by the jointly negligent parties, not something definable in terms of who brings the suit. The injury in the case at bar, and the tort liability for negligent conduct, was to Gilbane, not to the insurer. No party, appellants or appellees, injured the plaintiff, in common or otherwise. Plaintiff's claim is derivative, as subrogee, standing in all respects upon the rights and in the place of Gilbane. By our view of the statutory language, as well as under *Zarrella,* the district court's question should have been not whether the defendants were jointly or severally liable to the plaintiff insurer,

2. A third-party defendant, Pittsburgh Plate Glass Company, appeared and briefed an entirely new point. This is not involved in our present decision, was not in our notice, and hence was not briefed by other parties. We do not consider it.

but whether they had jointly injured Gilbane, in whose shoes plaintiff stood.

■ The relationship of appellants and appellees vis-a-vis Gilbane, assuming the negligence of all of them, is a typical joint tortfeasor situation. We find nothing in the policy of the Act, or in its language, to make an exception depriving appellants of their right to seek contribution simply because appellees had personal insurance.

This does not mean that no consequence attaches to the insurance. There is a very substantial consequence. As a corollary to the district court's holding that plaintiff cannot recover from appellees because it had insured against their negligence, appellees, in turn, will be able to obtain from plaintiff reimbursemnt for any loss incurred by having to contribute to appellants—instead of paying direct to Gilbane—by virtue of the statute.[3] To avoid circuity of action, we hold that plaintiff cannot now recover against appellants to the extent that appellants could, in turn, compel contribution from appellees. *See* Maryland Cas. Co. v. Employers Mut. Liability Ins. Co., 2 Cir., 1953, 208 F.2d 731. Applying such reasoning, we can approve the district court's result, dismissing appellants' cross-claim against appellees, even though we hold the contribution statute applies. We protect the cross-claim rights, in effect, by allowing a set-off: in affirming that dismissal we rule that if plaintiff succeeds in its present action against appellants, and appellants establish the joint negligence of appellees, there must be set off what, absent appellees' insurance, appellants can show they would have been able to recover from appellees by way of contribution.

---

3. Plaintiff made, and still makes, some protest that the policy coverage did not extend to liability resulting from appellees' negligence. The court's dismissal necessarily involved a ruling to the contrary, and not having been appealed from, is now conclusive. We may add that if that decision was wrong, and plaintiff allowed it to become final by plaintiff's failure to appeal, plaintiff's conduct amounted to a voluntary release of appellees. For reasons that we need not pursue, but starting from R.I.Gen.Laws § 10–6–8, contribution would still be required of appellees, and plaintiff would presently be no better off under that alternative.