**George O. BISHOP, Jr., Plaintiff and Appellant,**

v.

**Charles Hollis NIELSEN, Defendant, Third-Party Plaintiff and Respondent,**

v.

**Genice Gay BISHOP, Third-Party Defendant and Appellant.**

No. 17082.

Supreme Court of Utah.

July 8, 1981.

R. Scott Williams, Salt Lake City, for third-party defendant and appellant.

Thomas A. Duffin, Salt Lake City, for defendant, third-party plaintiff and respondent.

HALL, Justice:

Plaintiff brought this action to recover the property loss sustained as the result of a collision between automobiles operated by defendant and plaintiff's minor, unemancipated daughter. Defendant joined the minor daughter as a third-party defendant, seeking contribution.

Third-party defendant moved for summary judgment of dismissal on the ground that she was not liable in contribution since she had no liability to her father as a joint tort-feasor by virtue of the doctrine of parent-child immunity. From the denial of her motion, and from the subsequent jury verdict which apportioned the negligence 30 percent to her and 70 percent to defendant, she appeals.

The issue presented by this appeal is whether the minor is a "joint tort-feasor" as defined by the contribution statute.

The right of contribution among joint tort-feasors exists by virtue of legislative enactment,[1] it being unknown at common law which held joint tort-feasors individually liable to the injured person for all of the harm caused. It is a significant right afforded joint tort-feasors inasmuch as it permits an equitable apportionment of fault among them in discharge of their common liability.[2] A "joint tort-feasor" is defined as:

> . . . one of two or more persons, jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been received against all or some of them.[3]

In the instant case, third-party defendant does not dispute the fact that her negligence contributed to the property loss sustained by her father. Nevertheless, she seeks to defeat defendant's right of contribution by urging application of the parent-child immunity doctrine so as to shield her from tort liability to her father. It is her contention that without such liability she is not a "joint tort-feasor" within the meaning of the contribution statute,[4] and therefore is not liable to defendant for contribution.

Third-party defendant concedes that the doctrine of parent-child immunity has not heretofore been adopted in this jurisdiction, but urges that it now be adopted as a logical extension of the basically similar doctrine of interspousal immunity which has been previously recognized and adopted.[5] However, our disposition of the issue presented does not necessarily hinge upon the existence or nonexistence of the doctrine. Hence, we do not treat the subject.

1. U.C.A., 1953, 78–27–39 creates a cause of action in a tort-feasor who has paid more than his pro rata share of a common liability. *Brunyer v. Salt Lake County*, Utah, 551 P.2d 521 (1976).

2. U.C.A., 1953, 78–27–40(2).

3. U.C.A., 1953, 78–27–40(3).

4. *Id.*

5. *Hull v. Silver*, Utah, 577 P.2d 103 (1978); *Cannon v. Aviatt*, Utah, 520 P.2d 883 (1974); *Rubalcava v. Gisseman*, 14 Utah 2d 344, 384 P.2d 389 (1963). However, compare *Stoker v. Stoker*, Utah, 616 P.2d 590 (1980), wherein this Court declined to apply the doctrine in an intentional tort case.

The doctrine of parent-child immunity is generally premised on public policy grounds that suits between parent and child would interfere with parental discipline and disturb domestic harmony. However, no such public policy considerations are present in this case, the only claim presented being that of a third party seeking contribution.

The various jurisdictions which have ruled upon the issue presented by this appeal have not done so with unanimity. Some have denied contribution by rigidly applying the doctrine of parent-child immunity,[6] while others have allowed contribution by declining to adopt the doctrine.[7] In contrast with those extreme positions, other courts have allowed contribution, notwithstanding their recognition of the doctrine.[8] We deem the latter to be the better reasoned cases.

In *Puller v. Puller, supra,* the Supreme Court of Pennsylvania reasoned in favor of contribution as follows:

> Whatever may be the law in the majority of other jurisdictions, as to which see 19 A.L.R.2d 1003 et seq., it is established in our own State that a tort-feasor has a right to contribution against a joint tort-feasor even though the judgment creditor be the latter's spouse, parent, or minor child; in other words, a tort-feasor may recover such contribution even though, for some reason, the plaintiff who has obtained a judgment against both of them is precluded from enforcing liability thereunder against the joint tort-feasor: *Kaczorowski v. Kalkosinski,* 321 Pa. 438, 440, 441, 184 A. 663, 664, 104 A.L.R. 1267; *Maoi, Executrix v. Fahs,* 339 Pa. 180, 188, 14 A.2d 105, 109; *Rau v. Manko,* 341 Pa. 17, 22, 23, 17 A.2d 422, 425; *Fisher v. Diehl,* 156 Pa.Super. 476, 483–486, 40 A.2d

912, 916–918. *The theory is that as between the two tort-feasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done.*[9] [Emphasis added.]

In the case of *Zarella v. Miller, supra,* the issue presented was whether defendant's immunity from suit by his wife for damages resulting from his tortious conduct extended to an action for contribution under the uniform act. In holding that defendant was a joint tort-feasor within the contemplation of the act and therefore liable in an action for contribution thereunder, the court had this to say:

> In so holding we are not unmindful of the split of authority on this issue in jurisdictions which have adopted the act. See Annot., 19 A.L.R.2d 1003. There is nothing in the act indicating a legislative intent to extend the doctrine of interspousal immunity to actions for contribution from the spouse of an injured party and we do not believe that such intent existed when the act was adopted, and we believe this is so for the following reasons. The considerations of public policy upon which the doctrine of interspousal immunity is predicated do not apply to actions for contribution under the act since such actions do not contemplate an action by a wife against her husband. The reason of the rule against interspousal suits does not apply to actions under the instant act.

> Moreover, the term "liable in tort," as used in § 10–6–2, means any person or persons who have negligently contributed to another's injury, including a husband who has negligently contributed to his wife's injury. *The term refers to culpa-*

---

6. *Pedigo v. Rowley,* 101 Idaho 201, 610 P.2d 560 (1980).

7. *Tamashiro v. DeGama,* 51 Haw. 74, 450 P.2d 998 (1969). Also, those states which have abrogated the doctrine of immunity would allow contribution. See *Goller v. White,* 20 Wis.2d 402, 122 N.W.2d 193 (1963).

8. *Puller v. Puller,* 380 Pa. 219, 110 A.2d 175 (1955), followed in *Restifo v. McDonald,* 426

Pa. 5, 230 A.2d 199 (1967); *Zarrella v. Miller,* 100 R.I. 545, 217 A.2d 673 (1966); *Walker v. Milton,* 263 La. 555, 268 So.2d 654 (1972); *Shor v. Paoli,* Fla., 353 So.2d 825 (1978); *Bedell v. Reagan,* 159 Maine 292, 192 A.2d 24 (1963); see also, 52 Cornell L.Q. 407 (1967) on the indiscriminate use of special defenses in contribution cases.

9. 110 A.2d at 177.

*bility.* This concept was acknowledged as late as *Trotti,* v. [*Piacente (R. I.)*] 206 A.2d [462] at page 463, where the court said: " * * * the husband's immunity from suit should not be confused with his culpability for the wrong." With respect to the doctrine forbidding interspousal suits in this state, it is clear that a cause of action exists which cannot be enforced. *Trotti v. Piacente; Benevides v. Kelly,* [90 R.I. 310, 157 A.2d 821] both supra. We agree with plaintiff's statement that the term "liable" in § 10–6–2 refers to the existence of a cause of action rather than the right to enforce the same and that under our law *the immunity of one spouse from suit by the other is merely procedural.*

\* \* \* \* \* \*

The uniform contribution among tortfeasors act was enacted in this state by P.L.1940, chap. 940, as a modern mechanism for a fairer administration of justice. See *Hackett v. Hyson,* 72 R.I. 132, 48 A.2d 353, 166 A.L.R. 1096. *We cannot believe that in enacting such act the legislature intended to extend the doctrine of interspousal immunity to actions under the act in the light of modern-day conditions. Such intent would be contrary to common sense and justice.* We are convinced that the legislature intended contribution in a case such as this. We agree with the words of Dean Prosser that "There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone * * * while the latter goes scot free." Prosser, Torts, 2d ed., chap. 8, § 46, p. 248. In enacting this act we believe the legislature intended to include the spouse of an injured party as a joint tortfeasor "liable in tort for the same injury." [10] [Emphasis added.]

The same result was reached in the case of *Walker v. Milton, supra.* In that case, the court was called upon to construe a statute which prohibited a suit by an unemancipated minor against a parent. In allowing contribution, the court held that the immunity statute did not destroy *substantive* causes of action arising between parent and child, but only operated as a *procedural* bar to such actions.

The facts in the case of *Shor v. Paoli, supra,* are nearly identical to those in the instant case. *Shor* stands for the proposition that the common law doctrine of immunity does not render the uniform contribution act impotent. In so holding, the court adopted the following reasoning of its District Court of Appeal:

> The doctrine of family or interspousal immunity is based on the desirability of the preservation of the family unit. The law of contribution of joint tortfeasors is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury.
>
> In the case at bar it was determined that both Paoli and Shor caused the injury. Shor's husband collected 100% of his damages from Paoli. *To say that Shor doesn't have to contribute and account for her wrongdoing would be unfair to Paoli and a windfall to Shor. This is not a case where the husband sued the wife on account of her negligence so we are not doing any real damage to the doctrine. This is a case where the joint tortfeasor sued the joint tortfeasor and we are ruling in support of that statute.*[11] [Emphasis added.]

Reasoning in much the same manner, the court in *Bedell v. Reagan, supra,* aptly observed:

> "The element of common liability of both tortfeasors to the injured person" has been suffered to become a fetish in the ratio decidendi stated just above. The element should not be a controlling condition or factor when one joint tortfeasor unintentionally and negligently has wrought harm which he is dispensed from righting because of his matrimonial

10. 217 A.2d at 675, 676.

11. 353 So.2d at 826.

union with the victim but which the other joint tortfeasor not in the marital relation must redress in full to the injured spouse without any equitable right of contribution from the joint tortfeasor spouse. *Law is only sensibly formalistic. It is a practical science. It is of the very proper object of equity to prevent the application of a universal legal principle in an eventuality where unconscionable and unjustifiable hardship must otherwise ensue.*[12]  [Emphasis added.]

In the instant case, even if the doctrine of parent-child immunity had been previously adopted in this jurisdiction, we view the equities in favor of contribution as far outweighing the benefits to be achieved by a strict application of the doctrine.

The judgment of the trial court is affirmed. No costs awarded.

MAUGHAN, C. J., and STEWART, HOWE and OAKS, JJ., concur.