**PRICE-OREM INVESTMENT COMPANY, a limited partnership, Plaintiff and Appellant,**

v.

**ROLLINS, BROWN AND GUNNELL, INC., Defendant and Respondent.**

**No. 19096.**

Supreme Court of Utah.

Jan. 9, 1986.

George A. Hunt, Bryce D. Panzer, Salt Lake City, for plaintiff and appellant.

Jackson Howard, Richard B. Johnson, Provo for defendant and respondent.

ZIMMERMAN, Justice:

Plaintiff Price-Orem Investment Company ("Price-Orem") appeals from the district court's order dismissing its suit on the ground that it failed to join an indispensable party. Price-Orem also asserts that the trial court erred in granting a new trial to defendant Rollins, Brown and Gunnell, Inc. ("Rollins, Brown"), after the jury returned a verdict finding defendant liable for negligently surveying a building site in plaintiff's shopping center. We reverse the trial court's dismissal of the action and remand for trial.

In July of 1973, John Price Associates, Inc. ("JPA"), a general contractor, contracted with Rollins, Brown to survey a shopping center site owned and developed by Price-Orem. Rollins, Brown surveyed and staked the property and then certified that the survey represented the property's true boundaries.

The following summer, JPA entered into another contract with Rollins, Brown, this time to stake out the Skaggs building, the first of several buildings to be constructed on the site. Rollins, Brown staked the building, referring to copies of the construction and site plans rather than to the original survey it had conducted or to its survey field notes. As a starting point for staking the building, Rollins, Brown utilized a property corner marked with both a one-inch diameter rebar post and a wooden stake labeled "N.W. Corner." Unfortunately, this apparent property corner was

located thirty feet south of the actual corner, which caused a thirty-foot error in the staking of the building. The error was discovered one month later when Rollins, Brown was performing additional survey work on the site.

Rollins, Brown, JPA, and Price-Orem met at the job site to discuss the problem on July 17, 1974. At that time, approximately two hundred and thirty-five cubic yards of concrete had been poured for the Skaggs building. Most of the interior footings were completed, and some plumbing and electrical work was in place. Price-Orem ultimately absorbed the error by limiting the shop space planned for the shopping center. It then filed suit against Rollins, Brown, alleging negligence in the staking of the building and seeking damages resulting from the reduction in available footage.

At trial in July of 1980, Price-Orem contended that Rollins, Brown had conceded liability. Its evidence, therefore, primarily addressed damages.[1] It alleged that leasing and financing restrictions required it to proceed with construction and absorb the thirty-foot error by limiting the planned shop space, rather than by redesigning the center to recoup the lost space or by relocating the Skaggs building, either of which it estimated would have cost $100,000. Price-Orem's expert testified that its damages exceeded $80,000.

Although Rollins, Brown conceded that a surveying error had been made, at trial it denied that the error constituted negligence. It further asserted that Price-Orem had failed to mitigate its damages when it summarily dismissed Rollins, Brown's proposed solution of relocating the Skaggs building, which it estimated would have cost only $3,000 at the early stages of construction. Rollins, Brown also claimed that the shopping center had been initially

designed without sufficient parking space to meet zoning requirements and would have been unlawful if constructed as designed; therefore, Price-Orem suffered no damages because the loss of the shop space brought the parking space into compliance with the zoning laws. Finally, Rollins, Brown argued that because its surveying contract was with JPA, Price-Orem was not in privity of contract with Rollins, Brown and, therefore, had no standing to sue.

The jury found Rollins, Brown liable for negligently staking the building and awarded Price-Orem damages of $30,000. Rollins, Brown then moved for a new trial. The judge granted the motion on the grounds that the damages were excessive and the evidence was insufficient to establish Rollins, Brown's negligence.

Between that ruling and the date set for the new trial, Rollins, Brown was allowed to file an amended answer to Price-Orem's complaint. In the amended answer, Rollins, Brown raised a new claim—that the general contractor, JPA, was an indispensable party. Price-Orem elected not to bring JPA into the action, the trial court ruled that JPA was indispensable, and the suit was dismissed. Price-Orem now appeals from the dismissal.

■ The first issue Price-Orem raises is the propriety of the trial court's grant of Rollins, Brown's motion for a new trial. Under Rule 59 of the Utah Rules of Civil Procedure, the trial court is accorded broad latitude in granting a new trial. *Uptown Appliance & Radio Co. v Flint,* 122 Utah 298, 302–03, 249 P.2d 826, 828 (1952) (citations omitted); *accord Goddard v. Hickman,* Utah, 685 P.2d 530, 532 (1984); *Nelson v. Trujillo,* Utah, 657 P.2d 730, 731–32 (1982); *King v. Union Pacific Railway,* 117 Utah 40, 46, 212 P.2d 692, 695 (1949). The court, however, is not free to grant a

1. The lack of focus upon the liability issue by Price-Orem was apparently because Rollins, Brown admitted in the pleadings that a staking error had been made and conceded liability in its trial memorandum. Rollins, Brown also submitted a jury instruction admitting liability. In their opening statements, both parties represented that the primary dispute in the case related to damages, although Rollins, Brown did not explicitly state that it admitted liability. Whatever the state of the pleadings as to Rollins, Brown's concessions of liability, at trial it presented evidence controverting liability, which came in without objection.

new trial merely because it disagrees with the judgment of the jury. A new trial may properly be granted only when the jury's verdict is "manifestly against the weight of the evidence." *Goddard v. Hickman*, 685 P.2d at 532. And the decision of the trial court to grant a new trial will not be disturbed on appeal when the record contains "substantial competent evidence which would support a verdict [in favor of the moving party]." *King v. Union Pacific Railway*, 117 Utah at 53, 212 P.2d at 698; *accord, e.g.*, *Nelson v. Trujillo*, 657 P.2d at 732; *Goddard v. Hickman*, 685 P.2d at 532. This substantial evidence standard requires that the evidence

> be sufficient in amount and credibility that, when considered in connection with the other evidence and circumstances shown in the case, [it] would justify some, but not necessarily all, reasonable minds acting fairly thereon, to believe it to be the truth.

*Utah State Road Commission v. Steele Ranch*, Utah, 533 P.2d 888, 890 (1975); *accord Seybold v. Union Pacific Railway*, 121 Utah 61, 65–66, 239 P.2d 174, 177 (1951); *Ranch Homes, Inc. v. Greater Park City Corp.*, Utah, 592 P.2d 620, 626 (1979). To establish that the trial court erroneously granted a new trial in this case, Price-Orem must marshal the evidence supporting Rollins, Brown's case and demonstrate that such evidence is not sufficiently substantial or credible to support a verdict in favor of Rollins, Brown. *Cf. Scharf v. BMG Corp.*, Utah, 700 P.2d 1068, 1070 (1985).

We first consider whether substantial evidence would have supported a verdict in Rollins, Brown's favor on the liability issue. The only evidence that Price-Orem introduced relating to Rollins, Brown's negligence was the testimony of Price-Orem's president, an engineer, who stated that "no reasonable surveyor" would have staked a building site without consulting the original survey, and the testimony of Rollins, Brown's engineer that the erroneously located stake had been placed by one of Rollins, Brown's employees. Price-Orem otherwise relied entirely upon the fact of the error, coupled with Rollins, Brown's purported confessions of error in various pleadings, to establish liability.

Rollins, Brown argues before this Court that while a staking error occurred, the error did not constitute negligence. Rollins, Brown asserts that its obligations to stake the building site were independent of its obligations under the initial survey and that its staking of the Skaggs building from the designated corner without reference to the initial survey was acceptable within the engineering and surveying professions.

■ There was evidence that could have supported a jury verdict for Rollins, Brown. Contrary to Price-Orem's contentions, the pleadings, taken in the context of the entire proceeding, were ambiguous on the issue of liability. Rollins, Brown's answer, while denying negligence and alternatively admitting the fact of error, denied that Price-Orem was damaged. And although Rollins, Brown's trial memorandum conceded liability, at the trial itself testimony was introduced without objection to show that the surveying and staking were proper and in conformity with professional standards. The record contains contradictions, but it appears that substantial evidence existed to justify the verdict in favor of Rollins, Brown. Under such circumstances, we must sustain the trial court's ultimate decision to grant a new trial. *King v. Union Pacific Railway*, 117 Utah at 53, 212 P.2d at 698.

Because the trial court did not abuse its discretion in granting a new trial on the liability issue, we need not discuss whether the court erred in holding the award of damages excessive. However, because the issue will be faced again on retrial, we must address whether Rollins, Brown was entitled to introduce evidence of Price-Orem's alleged failure to mitigate damages.

■ In its answer to Price-Orem's complaint, Rollins, Brown did not plead failure to mitigate damages as an affirmative defense. Price-Orem argues that under

*Pratt v. Board of Education,* Utah, 564 P.2d 294, 298 (1977), *aff'd on rehearing,* 569 P.2d 1112 (1977), such a defense must be pleaded or it is waived. Price-Orem misconstrues *Pratt* and the requirements of Rule 8(c) of the Utah Rules of Civil Procedure. In *Pratt,* this Court upheld the trial court's ruling that damages were not at issue where a defendant not only omitted to plead failure to mitigate in its answer, but also failed to introduce any evidence at trial to establish the plaintiff's failure to mitigate. 564 P.2d at 298-99. The case did not hold that failure to plead mitigation resulted in an automatic waiver of the defense, although it did note that raising such a defense in the pleadings is a plainly better practice. *Id., citing* 5 Wright & Miller, *Federal Practice and Procedure* § 1273, at 322–23 (1969). The holding of *Pratt* reflects the purpose of Rule 8(c), which is to insure that parties have adequate notice of the issues and facts in the case. *See Cheney v. Rucker,* 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963).

In this case, there is no suggestion that Price-Orem did not have adequate notice of the issues. The record reflects no claim of surprise or prejudice, and both the pleadings and the parties' opening statements at trial show that Price-Orem was clearly aware that the issue of damages was the central one. Under these circumstances, Rollins, Brown was not precluded from introducing evidence of Price-Orem's failure to mitigate.

Having found no error in the grant of a new trial, we next consider the correctness of the trial court's dismissal of the action based on its determination that JPA was an indispensable party. That ruling was based upon Rollins, Brown's assertion that its obligations ran only to JPA, with which

it contracted, and that because Price-Orem was not in privity of contact with Rollins, Brown, it has no standing to bring this action.

■■■ Rollins, Brown fundamentally misconceives the nature of this case. Price-Orem's action alleges the tort of negligent misrepresentation and is neither derived from nor dependent upon its having rights under the contract between JPA and Rollins, Brown. Utah long ago acknowledged the tort of negligent misrepresentation, which provides that a party injured by reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact may recover damages resulting from that injury when the second party had a pecuniary interest in the transaction, was in a superior position to know the material facts, and should have reasonably foreseen that the injured party was likely to rely upon the fact. *Jardine v. Brunswick,* 18 Utah 2d 378, 381, 423 P.2d 659, 661–62 (1967); *Christenson v. Commonwealth Land Title Insurance Co.,* Utah, 666 P.2d 302, 305 (1983);[2] *see generally Restatement (Second) of Torts* § 552 (1965). Privity of contract is not a necessary prerequisite to liability. *Christenson v. Commonwealth Land Title Insurance Co.,* 666 P.2d at 307.

■■ Clearly, Price-Orem has stated a cause of action for negligent misrepresentation. 666 P.2d at 305. Rollins, Brown, an engineering firm, was hired by JPA to survey and stake the property and the building site and was bound to do so with that degree of care and skill expected of licensed surveyors and/or engineers. Given the professional expertise of Rollins, Brown in the surveying field, both JPA and Price-Orem were entitled to reasonably rely

---

**2.** In *Jardine* and *Christenson,* we stated that the tort of negligent misrepresentation is proven when the above-stated elements are found *and* the other elements of fraud are present. This suggestion that all of the elements of fraud must also be proven is dictum. Although the cause of action for negligent misrepresentation grew out of common law fraud, the elements of fraud need not be independently established. No such requirement is found in the definition of

negligent misrepresentation in the *Restatement* or the other authorities cited in the earlier Utah cases. *See, e.g., Ellis v. Hale,* 13 Utah 2d 279, 282–83, 373 P.2d 382, 384–85 (1962). Indeed, by its very terms, *negligent* misrepresentation does not require the intentional mental state necessary to establish fraud. We expressly disavow any dictum in *Jardine* and *Christenson* suggesting that the tort is dependent on proof of fraud.

upon the information provided by Rollins, Brown. And Price-Orem, as the owner of the property for whose benefit the shopping center was being constructed, was clearly a party whose justifiable reliance upon the accuracy of the survey might be reasonably foreseen. Other states considering this issue have held that a surveyor may be liable for damages incurred by a party who reasonably and foreseeably relies upon the surveyor's professional competence when the survey is negligently performed. *See Rozny v. Marnul*, 43 Ill.2d 54, 250 N.E.2d 656, 660–63 (1969); *accord Kent v. Bartlett*, 49 Cal.App.3d 724, 729–31, 122 Cal.Rptr. 615, 617–19 (1975).

The corollary question is whether JPA is nonetheless an indispensable party despite Price-Orem's independent standing to bring this action. Under Rule 19 of the Utah Rules of Civil Procedure, an indispensable party is a party whose absence precludes the court from satisfactorily resolving the matter of whose rights would be adversely affected unless that party is joined. Rollins, Brown argues that the court cannot adequately resolve this litigation without JPA's presence because Rollins, Brown might otherwise be subjected to multiple lawsuits. This argument is without merit. Under the applicable statute of limitations, JPA was precluded from filing any action against Rollins, Brown long before the court ruled that JPA was an indispensable party. U.C.A., 1953, § 78–12–25 (1977 ed.). Rollins, Brown is not now exposed to multiple liability.

Rollins, Brown also asserts that JPA is indispensable because JPA was jointly or solely responsible for the staking error. Given that allegation, Rollins, Brown should have filed a third-party complaint against JPA. Unfortunately for Rollins, Brown, the same statute of limitations, section 78–12–25 of the Code, also precludes it from filing an action against JPA. Having failed to adequately pursue its remedies, Rollins, Brown cannot now complain that its own failure to file a third-party complaint against JPA requires a dismissal of the case.

The trial court's ruling that JPA was an indispensable party was plain error. Accordingly, the order dismissing plaintiff's claim is reversed, and the case is remanded for further proceedings consistent with this opinion.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J. dissents.