Richard W. JACKSON, Plaintiff, Appellant and Cross-Respondent,

v.

Artis M. HICKS, Defendant, Respondent and Cross-Appellant.

No. 20131.

Supreme Court of Utah.

June 17, 1987.

Brian Florence, Ogden, for Jackson.

William Stegall, Salt Lake City, for Hicks.

DURHAM, Justice:

Plaintiff's decedent, Derek L. Jackson, sued defendant for damages allegedly caused by an automobile accident involving the parties. After a jury verdict in favor of plaintiff, the trial court granted defendant's motion for a new trial. Plaintiff was granted an interlocutory appeal from the order granting a new trial, and defendant has cross-appealed from the jury verdict and judgment. We affirm the order granting a new trial.

This case was tried to a jury, which answered special interrogatories and awarded damages of $86,893.22. Defendant subsequently moved for a new trial. Defendant's motion was granted on the grounds that (a) the existence of the "guest statute" (subsequently declared unconstitutional) at the time of trial "clouded" the possibility of defendant's entitlement to contribution from plaintiff's driver, and (b) the jury verdict and judgment were speculative and contrary to the weight of the evidence.

Early in the morning of February 12, 1980, defendant attempted to drive across State Road 89 at its intersection with 750 West Street in Harrisville. Defendant's vehicle was struck by a vehicle driven by plaintiff's girlfriend and occupied by plaintiff. Plaintiff was not wearing a seatbelt and struck the top of his head against the interior of the car and injured his knee. He was treated and released at a nearby hospital and subsequently received eighteen sessions of outpatient physical therapy. The evidence established that plaintiff or his insurance carrier incurred medical expenses of about $500 as a direct result of this accident.

Prior to the accident, plaintiff had a history of numerous injuries, including several broken bones and two hernia repairs. After the accident, he was "mugged" on two occasions: once around Christmas of 1980 and once in October of 1981. He was knocked unconscious on both occasions. The night of the first attack, he attempted suicide by swallowing Quaalude pills. Following the second attack, he was hospitalized for a broken jaw and concussion; he was released from the hospital into a convalescent center. While at the convalescent center, he suffered a nervous breakdown; a conservator was appointed for him.

Following his breakdown, plaintiff was treated by Dr. Barry Cannell, a psychiatrist with training in neurology. After visiting with plaintiff some fifty times and reviewing plaintiff's clinical history, Dr. Cannell concluded that the principal cause of virtually all of plaintiff's problems (including exposure to the muggings and the loss of his relationship with his girlfriend and their unborn child) was the automobile accident. He so testified at trial. No rebuttal testimony was offered.

Plaintiff's work history prior to the accident was erratic and seasonal, consisting of such activities as painting houses and working on fishing boats. After the accident, he was employed for three months refinishing boats before he quit, ostensibly because of excessive pain. He was unable to remember his annual income for any year between 1970 and 1979 or whether he had filed income taxes for any specific year in that time period.

The case was submitted to the jury, with defendant objecting to two instructions. Following the jury verdict in plaintiff's favor and a judgment of $86,893.22, defendant moved for a new trial. The trial court granted this motion on the grounds that the comparative negligence of plaintiff's girlfriend needed to be adjudicated before defendant could be apportioned liability for

damages caused to plaintiff[1] and that plaintiff failed to prove sufficient causation tying defendant's conduct to the post-accident damage he suffered. Plaintiff has appealed from the order granting a new trial, and defendant, from the jury verdict and judgment. Our disposition of this case makes a consideration of defendant's cross-appeal unnecessary.

In the past, we have held that the moving party in a motion for a new trial must show "substantial competent evidence which would support a verdict" in his favor. *Price-Orem Investment v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55, 58 (Utah 1986), and that the jury's verdict was manifestly against the weight of the evidence. *Goddard v. Hickman*, 685 P.2d 530, 532 (Utah 1984). We will not overturn a trial judge's decision to grant or deny a new trial unless he has abused his discretion. *Goddard v. Hickman*, 685 P.2d 530, 532 (Utah 1984). In this case, defendant confined herself to cross-examining plaintiff's witnesses. No defense witnesses were called. When a plaintiff has failed to make out even a prima facie case concerning causation, it would be meaningless to require a defendant to produce substantial evidence to rebut evidence which, as a matter of law, is insufficient to support the award.

■ In this case, plaintiff's evidence as to causation was inadequate to support the award made by the jury. There are several factors that create substantial doubt regarding the causal relationship between the auto accident and plaintiff's subsequent physical problems. Plaintiff had experienced numerous accidents and several periods of unemployment before the accident. He had a history of alcohol abuse both before and after the accident. He was gainfully employed in demanding physical labor for three months following the accident. Likewise, several factors contributed to the deterioration of his relationship with his girlfriend, including a troubled social history, an out-of-wedlock pregnancy, alcoholism, and disapproval of plaintiff by his girlfriend's mother.

The jury verdict was improper in that it imposed liability on defendant for injuries not shown by the evidence to have been proximately caused by defendant's conduct. It is self-evident from the trial testimony that many of plaintiff's problems at the time of trial were the result of the criminal assaults that occurred well after the accident giving rise to this suit.

In *Skollingsberg v. Brookover*, 26 Utah 2d 45, 484 P.2d 1177 (1971), we held that a plaintiff carries the burden of showing that any subsequent injury is one that might be reasonably expected to follow from the original tort and not one due to an unforeseeable and independent cause. Any later cause that is unforeseeable and independent becomes the proximate cause of the new injury.

■ Therefore, the trial court was correct in granting a new trial on the issue of causation. It was error, however, to grant a new trial on the issue of the comparative negligence of plaintiff's girlfriend. We first note that the statute of limitations on this action ran several months before the motion for a new trial was entered, thus barring the joinder of plaintiff's girlfriend in any new trial. Even if joinder were still possible, the bar created by the guest statute relating to direct actions had no effect on an action for contribution. *See Bishop v. Nielsen*, 632 P.2d 864 (Utah 1981) (parent-child immunity, even if recognized, does not bar action for contribution among joint tort-feasors). Furthermore, although our legislature recently abolished actions for contribution, *see* Utah Code Ann. § 78-27-38 (Supp.1986), the defendant in this case was always free to join plaintiff's girlfriend, irrespective of the guest statute. Hence, the trial court's order for a new trial must be modified to include only the issue of causation.

---

1. The trial court raised this issue *sua sponte* after the "guest statute" was held unconstitutional in the period between oral arguments on the motion for a new trial and the granting of that motion. *See Malan v. Lewis*, 693 P.2d 661 (Utah 1984) (declaring the "guest statute" unconstitutional).

With the modification noted above, the trial court's order is affirmed.

HALL, C.J., concurs.

HOWE, Justice (concurring in the result):

I concur in the result which affirms the trial court's award of a new trial on the issue of causation, or as the trial judge termed it, on "damages." I reach this result because there is competent evidence which would support a verdict in favor of the defendant. *Price-Orem Investment Co. v. Rollins, Brown & Gunnell, Inc.*, 713 P.2d 55 (Utah 1986), and cases cited therein. The jury did not have to believe plaintiff's expert on causation in the face of facts suggesting that there was no causation.

ZIMMERMAN, J., concurs in the concurring opinion of Justice HOWE.

STEWART, Associate C.J., concurs in the result.