2010 UT App 327

**Susan OLSEN, Plaintiff and Appellant,**

**v.**

**UNIVERSITY OF PHOENIX, Defendant and Appellee.**

**No. 20090515-CA.**

Court of Appeals of Utah.

Nov. 18, 2010.

Chad M. Steur, Salt Lake City, for Appellant.

David P. Williams and Troy L. Booher, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and VOROS.

DAVIS, Presiding Judge:

¶ 1 Plaintiff Susan Olsen contests the trial court's grant of summary judgment in favor of Defendant University of Phoenix (Phoenix). We affirm.

¶ 2 Although Olsen and the trial court characterize the determinations of the trial court as "findings," we recognize that there are no true findings properly made at the summary judgment stage.

> [A] challenge to a summary judgment presents for review only conclusions of law because, by definition, cases decided on summary judgment do not resolve factual disputes. We therefore accord no deference to a trial court's legal conclusions given to support the grant of summary judgment, but review them for correctness.

*Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1111–12 (Utah 1991) (citations omitted).

¶ 3 Olsen first argues that Phoenix breached a contract it had with her when it charged her a $60 e-resource fee in addition to the price of tuition that she had been quoted by a Phoenix representative. But even assuming that the email communications that Olsen references constituted an offer and an acceptance, the resulting contract contained no language that could be construed as guaranteeing that the amount quoted included the price of any required textbooks or other similar resources needed to participate in the class. Indeed, Olsen concedes that the evidence offered by Phoenix "supports the general proposition that books and materials are required for most courses" and "may even support the general proposition that books and materials transactions are intended to be covered separately from tuition and fee transactions." Furthermore, Phoenix presented uncontested evidence that the e-resource fee is not part of the cost of the class, that is, that a student would not be charged an e-resource fee unless and until the student actually accessed the electronic materials, which were prefaced with an explanation of the $60 fee. Thus, the e-resource fee was the subject of a separate contract created when Olsen accepted stated terms by accessing the electronic material. The trial court therefore correctly granted summary judgment in favor of Phoenix on the breach of contract claim.[1]

1. Olsen highlights differences between Phoenix's offering of electronic materials and the more traditional requirement of selecting a textbook for a course. Despite these differences, we do not agree, and Olsen points us to no specific evidence suggesting, that the e-resource fee represented anything other than what its name directly implies—a fee for access to electronic materials. Importantly, Olsen does not contest that

¶ 4 Olsen next claims that the trial court erred in granting summary judgment on her claims brought under the Utah Consumer Sales Practices Act, *see* Utah Code Ann. §§ 13-11-1 to -23 (2009 & Supp.2010). Because, as discussed above, the e-resource fee was not a mandatory fee included with course registration but, rather, was disclosed prior to and as a condition of a student's access to electronic documents, the imposition of the fee does not constitute a deceptive business practice. *See generally id.* § 13-11-4(2) (Supp.2010) (setting forth the actions that amount to deceptive business practices). Nor do we see that Phoenix's actions in reallocating Olsen's debt amounted to a deceptive business practice. In fact, it appears that such action was in response to Olsen's expressed confusion regarding her debt and her prior payments. In any event, regardless of the method in which payments were allocated, it is undisputed that Olsen had not paid amounts sufficient to cover the tuition and charges for all of the classes she took. Therefore, the imposition of a single late fee was also not a deceptive business practice. Nor was there anything deceptive about reporting Olsen as delinquent to credit reporting agencies when she refused to bring her account current.

¶ 5 Third, Olsen claims that the trial court erred in granting summary judgment on her claims brought under section 1681s-2 of the Fair Credit Reporting Act, *see* 15 U.S.C. § 1681s-2 (2006). She argues that Phoenix's collection center refused to investigate regarding the debt she disputed both verbally and in writing. Olsen does not, however, provide any record citation to where she provided evidence of such refusal. Indeed, it appears that Olsen submitted evidence of the opposite. As an exhibit to her affidavit submitted in opposition to summary judgment, she included a letter from Phoenix's director of finance, labeled "Re: Account Dispute," that stated, in part, as follows: "I have received and reviewed your letter of dispute that was sent to our corporate collections center. I have reviewed your account." The letter then proceeds to set forth the results obtained by that review. Thus, it appears that Olsen's complaint is simply that Phoenix refused to continue to review her file until they reached a result of which she approved or provided an explanation that she deemed sufficient, and we do not see that the cited provision guarantees such an investigation.

¶ 6 Finally, Olsen raises state law claims of fraudulent misrepresentation, negligent misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress. As to the fraudulent and negligent misrepresentation claims, both require reasonable reliance on a misrepresentation of material fact. *See Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.,* 713 P.2d 55, 59 (Utah 1986) (providing that negligent misrepresentation requires, among other things, "reasonable reliance upon a second party's careless or negligent misrepresentation of a material fact"); *Dugan v. Jones,* 615 P.2d 1239, 1246 (Utah 1980) (stating that fraudulent misrepresentation requires, among other things, that the misrepresentation "concern[ ] a presently existing material fact" and that the plaintiff "did in fact rely upon [the misrepresentation]"). Even if Olsen is correct that there existed a misrepresentation at one point regarding to which class or classes her outstanding balance related, that was not a material misrepresentation. The material information conveyed—that Olsen had an outstanding balance—was correct. Moreover, Olsen disputed each of the representations from Phoenix and in no way relied upon them. And as to the infliction of emotional distress claims, these would require more egregious action than "creating unjustified confusion," submitting the delinquent account to collection agencies, and withdrawing Olsen from school for failing to pay tuition. *See Prince v. Bear River Mut. Ins. Co.,* 2002 UT 68, ¶ 37, 56 P.3d 524 (providing that an element of intentional infliction of emotional distress is that " 'the [defendant's] conduct [complained of] was outrageous and intolerable in that it offended ... generally accepted standards of decency and morality' " (alterations and omission in original)); *Harnicher v. University of Utah Med. Ctr.,*

she accessed electronic materials provided in connection with the class at issue.

962 P.2d 67, 69 (Utah 1998) (stating that negligent infliction of emotional distress requires that the actor "should have realized that the distress, if it were caused, might result in illness or bodily harm"). Furthermore, we do not agree that having to "spend numerous hours trying to figure out how she could possibly owe money" and having to "spend numerous hours contesting the misrepresentations relating to the invoices" rises to the level of "severe emotional distress." *See generally Harnicher,* 962 P.2d at 70 ("'[T]he emotional distress suffered must be severe; it must be such that a reasonable [person,] normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.'" (second alteration in original)).

¶ 7 Affirmed.

¶ 8 WE CONCUR: GREGORY K. ORME and J. FREDERIC VOROS JR., Judges.